#### FOR THE

#### COUNTY OF FRANKLIN,

JANUARY TERM, 1847.

---

PRESENT,

Hon. STEPHEN ROYCE, Chief Judge.
Hon. MILO L. BENNETT, ⎫
Hon. DANIEL KELLOGG, ⎬ Assistant Judges.
Hon. HILAND HALL, ⎭

---

## ALANSON L. WRIGHT v. NATHAN SMITH.

An award is not void for uncertainty, which provides that one of the parties shall pay the " taxable costs " of a suit which had been pending in court.

But, to entitle the plaintiff to recover upon such an award, he must aver in his declaration that the *taxable costs* amounted to a certain specified sum, of which the defendant had *notice* before suit brought; and if this averment is omitted, the declaration is bad upon demurrer.

The general rule of pleading is, that, when matter is more peculiarly within the knowledge of one of the parties than of the other, notice is necessary, although the terms of the contract do not require it.

DEBT upon an award. The declaration contained two counts, the first of which was traversed and the issue found for the defendant. In the second count the plaintiff alleged, that a suit had been pending in his favor against the defendant and his son, that the de-

fendant agreed with him, by bond, to submit the matter in contro-versy to arbitration, and that the arbitrators made an award, by which they ordered, that the defendant should pay to the plaintiff his "tax-able costs" in the suit pending between them; and the plaintiff averred, that said "taxable costs" "amounted to a large sum, to wit the sum of sixty dollars, and that afterwards &c. he demanded the same" of the defendant, and that the defendant neglected and refused to make payment.

The defendant craved oyer of the bond of submission and award and set forth the same at length, and pleaded, that he had performed all things on his part to be performed, except paying the said taxable costs, and that he had been at all times ready to pay those, but that the plaintiff had never, before the commencement of this suit, taxed them, nor caused them to be taxed. To this plea the plaintiff de-murred.

The county court, September Term, 1844,—Royce, J., presid-ing,—adjudged the plea insufficient. Exceptions by defendant.

After argument by *O. Stevens* and *H. E. Seymour* for plaintiff, and by *Smalley & Adams* for defendant, the opinion of the court was delivered by

Bennett, J. We think there is no objection to the validity of the award, on the ground of uncertainty. "That is certian, which can be rendered certain." The award enjoins upon the defendant the payment of the *taxable* costs in the suit referred to. The law pre-scribes what items constitute what are called *taxable* costs in any given cause; and the facts being given, the sum total of the *taxable* costs is readily ascertained.

To have entitled the plaintiff to recover, he should have averred in his declaration, that the *taxable costs* amounted to a sum certain, *of which the defendant had notice* before suit brought.

The rule in pleading seems to be, that, when matter is more pecu-liarly within the knowledge of one of the parties, than the other, no-tice is necessary, though the terms of the contract do not require it. The question, then, is, was the amount of the *taxable* costs in the suit referred to in the award more peculiarly within the knowledge of the plaintiff, than the defendant. We think this is settled by authority. In *Harris* v. *Ferrand*, Hardr. 42, the doctrine is advanced, that,

Wright *v.* Smith.

upon a promise to pay all costs in a suit referred to, there must be, before the action is brought, notice of the amount; and Comyns cites this case with approbation;—Com. Dig., Pleader C 73. In *Barnes* v. *Parker*, 8 Metc. 134, the promise was to pay the costs taxed &c.; and notice was required in that case. In *Safford* v. *Stevens*, 2 Wend. 158, the promise was, to pay the *taxable* costs; and the court held there must be notice of the amount. The expenditures for witness fees, costs of subpœnas and service, &c., to which a party may be subjected in prosecuting or defending a suit, and which would constitute proper items of taxation, are peculiarly within the party's own knowledge.

The award is to pay the *taxable* costs. We do not think, that this necessarily requires, that the costs should have been in fact taxed by the proper officer. If the award had been to pay the *taxed costs*, it might have been so. *Taxable* costs means such as the party was entitled to have taxed by law; and the amount may well be ascertained without an actual taxation either by the court, or clerk, and notice may be given of the amount. The averment in the declaration, that the taxable costs amounted to a large sum of money, to wit, the sum of sixty dollars, we think is sufficient in that respect; but there is no allegation, that the defendant had notice of the amount before suit brought. The allegation, that the plaintiff demanded of the defendant sixty dollars, is not an allegation of notice, that the *taxable costs* amounted to that sum.

The result to which we have come is, that the declaration is insufficient in this particular.

The clerk will enter the judgment of the county court reversed, and judgment that the plea in bar to the second count in the declaration is sufficient, and that the defendant recover his costs.