### BOYNTON *versus* FRYE.

An award of arbitrators is of no effect, unless it be responsive to the submission.

An award, so far as it gives to either of the parties, any compensation for matters not submitted, is inoperative.

An award, which allows any compensation for matters not submitted, is wholly void, unless the unauthorized amount be distinguishable from the residue; and unless it appear, that the consideration of the unsubmitted part was so disconnected with the residue as to have had no influence upon it.

An offer to be defaulted for a specified amount authorizes the plaintiff to take judgment for that amount, although he may fail to establish any claim.

ON REPORT from *Nisi Prius,* HOWARD, J.

Boynton v. Frye.

DEBT. — The plaintiff and two other persons were entitled to the use of three quarters of a shingle mill. They made a claim upon the defendant for erecting obstructions in the stream, whereby the water was diverted from their shingle mill to his tannery. The plaintiff, owning the mill privilege, also made a claim for the " permanent injury done to it by reason of the obstructions aforesaid." These claims were submitted to arbitrators. The parties gave bonds respectively to abide the award, and in the bonds was a stipulation, that the sum of five hundred dollars, as liquidated damage, should be paid for neglecting to keep the award in each of its particular requirements. The arbitrators awarded, that the defendant should pay $24,95, to each of the three claimants, and that this should be in full compensation for all past and all future damage by the appropriation of the water for the tannery.

This is an action of debt upon the bond given by the defendant. There were four counts. They were framed to recover the $500 ; and also the $24,95.

*Non est factum* was pleaded, and the issue was joined. Three special pleas were pleaded, but no issue was taken upon them. The defendant attempted to prove that he tendered $25, and he brought into court $37, for the plaintiff, but it was not taken. The defendant also offered to be defaulted for $27,10.

The case was submitted for a legal decision.

*Waterhouse*, for the plaintiff, presented a written argument. It was however addressed to points, which received no adjudication by the Court.

*Abbott*, for the defendant, among other points, argued, that the *submission* was of claims for *past* obstructions only, and that the *award* allowed damage for *future* obstructions ; and, that by this deviation from the submission, the award was merely void. *Clements* v. *Durgin*, 1 Maine, 300 ; *Bean* v. *Farnham*, 6 Pick. 269 ; *Culver* v. *Ashley*, 17 Pick. 98 ; *Pierce* v. *Woodward*, 6 Pick. 206.

*Waterhouse*, in reply. — Beside the general issue, the pleas, were of performance, of tender and of payment of money

into Court. Under none of these pleas could the objection be taken, that the award transcended the submission. They constitute an implied waiver of such an objection. *Bean* v. *Farnham*, 6 Pick. 269.

But further, the objection is not in accordance with the facts. The *future* damage to this plaintiff was submitted to the arbitrators. The "permanent injury to his mill privilege" was one of the specifications. The award follows the submission, and is therefore valid.

SHEPLEY, C. J. — By a contract under seal, these parties with two other persons agreed to submit to the decision of arbitrators, the claims set forth in a written instrument annexed to the submission. The matters therein submitted, are damages "for the loss, destruction, deterioration, and loss of rents and profits of three fourths of a shingle mill, which they own in common with another." And they allege "that it has been valuable and productive property, but has for the last five and a half years been made of no value," by back water rendering the mill useless.

The plaintiff also "claims damages in his individual right, for the permanent injury done to the said mill privilege, of which he claims to be the sole owner, in consequence of the obstructions aforesaid."

Although the latter claim made is for damages for a permanent injury to the privilege yet both the claims are for damages for injuries already suffered.

The matters submitted were damages occasioned by the past misconduct of the defendant. The submission does not embrace a claim for damages for his future misconduct. Nor is the regulation of the water rights of the parties or the future use of the water embraced in it.

The award is of certain sums to the plaintiff and to the two other persons respectively "in full satisfaction of all claims set forth in the claims annexed to said bond, and that said Frye shall be entitled to draw more or less water through the canal now cut from the Sebasticook river to his said tan-

nery, than he has heretofore drawn. The said arbitrators meaning and intending to decide, that said sums shall be in full satisfaction of all past and future damages, that the drawing of water from the Sebasticook river, and emptying the same into the brook below said shingle mill, by the said canal, as now cut, might occasion the said claimants or either of them."

The arbitrators have exceeded their authority, by assuming to regulate the future use of the water, and by awarding damages to be occasioned by such future use.

An award may be good in part, and bad in part, when the facts are not so connected as to render the whole void. In this case the award is made expressly "in full satisfaction of all past and future damages, and there are no means afforded by which the amount awarded for the past and for the future damages can be ascertained and separated.

The award is therefore wholly void.

This conclusion is resisted by the counsel for the plaintiff, because, as he correctly states, no such issue is presented by the pleadings.

There having been no joinder of any of the pleas, except the general issue, the others cannot be noticed, unless they be considered as in the nature of brief statements. It is not essential to notice them, or to inquire if they can have any effect, for they would not present any issue on the validity of the award.

The plaintiff's right to recover is founded upon the award. One count in his declaration is upon it. In the other counts a forfeiture is claimed as liquidated damages for a neglect or refusal to perform the award. The submission and award are in one count set forth. To support his action upon any count the plaintiff must prove an award made in conformity to the submission; and that the defendant after notice had neglected or refused to perform it.

This he does not and cannot do, by the production of an award not made in accordance with the submission, but void for excess of authority.

By the provisions of our statutes a payment of money into Court, or an offer to be defaulted for a certain sum, does not operate as an admission of the plaintiff's claim, while such an offer to be defaulted does authorize the plaintiff to take judgment for that sum, although he may fail to establish his claim.

The plaintiff will be entitled to judgment, for the sum of $27,10, with costs to the time of such offer to be defaulted, and the defendant will be entitled to costs since that time.