## WHITCHER v. WHITCHER.

A submission to arbitrators is a contract, and agreement, of each party with the other, to abide the result.

Where the submission is by parol, assumpsit is the appropriate form of ac'ion in which to recover damages for the non-performance of the award; whether the party be directed by the award to pay money, or to do any collateral act.

Non-assumpsit, puts in issue every material averment, and even intrinsic defects in the award.

An award, to be valid, must be :—

1. Consonant to the submission.
2. Certain.
3. Of things possible to be performe.l.
4. Final.

A submission to arbitrators provided for the reference of "all matters in difference, controversies, disputes and accounts, and demands whatsoever, in law or equity, depending between said parties; said award to be put in writing and to be final between the parties." The award directed; (inter alia).

1. That the defendant should pay to the plaintiff "the value of the potatoes delivered him at his factory or otherwhere, in the fall of 1867, by N. & G. W. M., which potatoes the plaintiff holds by virtue of said Ms.' mortgage."

2. That the timber and all reservations in the defendant's deed of the H. place should be sold at auction, under the direction of M.; the avails to be equally divided between the plaintiff and defendant, deducting the expense of the sale; both parties to give title to the purchaser.

3. "Upon payment and performance of the foregoing award and conditions, each shall to the other give a general discharge and release in writing of all claims, demands and controversies herein intended to be settled, or any other description whatever."

4. Following the signatures of the arbitrators, at the foot of the award, was a memorandum, also signed by them, as follows : " costs taxed at fifty dollars, half to be paid by D. Whitcher, half by Chase Whitcher. The $25, and $4.50, ch. by C. W. on his cash book, D. W. to pay, unless he showed it paid." Held: (1). That portion of the award relating to the potatoes, is neither certain, nor final and is, therefore, invalid.

(2). That portion of the award relating to the timber and reservations, is bad, being in excess of the arbitrators' authority.

(3.) Arbitrators, under a general submission of all controversies and demands, have power to award that mutual discharges and releases shall be given, upon the performance of the duties prescribed by the award. Such provision is incident to the submission, and essential to the finality and enforcement of the award.

(4.)   Words written in the margin of an award, by the arbitrators, in a distinct sentence, are to be regarded as a part of the award, and to receive the same construction as if inserted in the body of it.

(5.)   That portion of the award providing that the defendant shall pay certain sums of money " unless he showed it paid," is not final and is, therefore, invalid.

An award may be good in part and bad in part; and the valid part may be sustained, and may support an action for breach of the promise to perform the general award when, and only when it clearly appears that the void part is so disconnected from the valid part, that it could not have affected the decision of the arbitrators in other respects ; so that, the void part being rejected, the remaining parts will yet express the judgment of the arbitrators truly.   If that part which is void be so connected with the rest as to effect the justice of the case between the parties, the whole is void.

The award in this case is void *in toto*, and incapable of enforcement.

The parties agreed to the following case, viz :
The plaintiff's action is founded upon an award of arbitrators made upon a submission in writing which is as follows :

### SUBMISSION.

" Know all men by these presents, that whereas differences and disputes, have been, and are yet, depending and unsettled between Chase Whitcher and Daniel Whitcher, for the settling and determining whereof the said parties have submitted themselves and become bound, each to the other, by these presents, the day of the date hereof, in the sum of five hundred dollars, to obey, observe, perform and abide by, and keep the award, arbitrament, determination and judgment of Daniel Patterson and J. H. Johnson referees or arbitrators chosen as well on the part and behalf of the said Chase Whitcher, as on the behalf of the said Daniel Whitcher to award arbitrate, determine, judge of and concerning all the matters in difference, controversies, disputes and accounts and demands whatsoever, in law or equity depending between the said parties, said award to be put in writing, and to be final between the parties.   Dated this twenty-first day of November, 1867.   The said award to be made at a hearing at any time the parties may agree to appoint.   They now propose to meet at Bath Village, for the purpose Saturday, Nov. 30, at 9 o'clock A. M.

{ 5 Cent Revenue
  Stamp can-
  celled. }                                   CHASE WHITCHER,
                                              DANIEL WHITCHER,"

The award is as follows :—

### AWARD.

" Now know ye that the said Daniel Patterson and James H. Johnson named in the annexed agreement as referees or arbitrators, taking upon us the charge of the said award and arbitrament, and having deliberately heard and considered the allegations of both parties in the premises, and their proofs, do thereupon make this our award,

arbitration and judgment in writing between the said parties, of and concerning the premises, in manner and form following, that is to say—

First. We do award, arbitrate and determine, by these presents, that the said Daniel Whitcher his executors or administrators, do and shall pay or cause to be paid unto the said Chase Whitcher the sum of two hundred forty two dollars and twenty-three cents.

Secondly. We do award and determine that the said Daniel Whitcher, his executors or administrators, shall pay, or cause to be paid, to the said Chase Whitcher, the value of the potatoes delivered him at his factory, or otherwhere, in the fall of 1867, by Nathan and G. W. Mullikin, which potatoes the said Chase Whitcher holds, by virtue of said Mulikins' mortgage, dated 4th day of Sept. 1867.

Thirdly. We do award and determine that the timber and all reservations in Daniel Whitcher's deed of the Howland place, so called, conveyed to Huldah Grant, shall be sold at public auction after proper and due notice, for cash, under the direction of G. W. Mann, and the avails of the sale to be equally divided between the said Daniel and Chase Whitcher, deducting expense of sale, and upon completion of the sale both parties shall give the title to the purchaser.

Fourthly. We award and determine that Daniel Whitcher shall pay to the said Chase Whitcher, as his share of the cost of this arbitration, the sum of twenty five dollars. Upon the payment of the foregoing awards, and performance of all other acts therein directed, we award and determine that the said Chase Whitcher shall execute and deliver to the said Daniel Whitcher a good and sufficient quitclaim deed of his interest in the Howland place so called. And we further award and determine that upon, and immediately after, the foregoing awards and conditions are paid and performed, each shall to the other give a general release and discharge in writing, of all manner of claims and demands and controversies whatsoever, either of them hath against the other of them, of the matters herein intended to be settled, or any other description whatever.

Dated at Bath this 7th day of January 1868.

{ 10 Cents Revenue }
{ Stamp cancelled. }                         DAN'L PATTERSON,
                                             JAMES H. JOHNSON.

Award $242.23, $25.00, $267.23. Costs taxed $50.00 half to be paid by D. Whitcher, half by Chase Whitcher.

The $25, and $4.50 charged by C. W. on his cash book D. W. to pay, unless he shows it paid.

                                             DAN'L PATTERSON,
                                             J. H. JOHNSON."

The Plaintiff's declaration was in assumpsit, and contained several counts, setting forth the particulars of the submission and the award, and the defendant's refusal to abide by and perform the same. The declaration also contained the usual common counts in assumpsit.

The defendant contended that the said award was wholly void and that no action could be maintained upon it, and also that if an action could be maintained upon said award, the plaintiff's declaration was insufficient for that purpose.

And it was agreed that the questions as to the validity of the award and the sufficiency of the declaration be submitted for the decision of the court, and that either party, after the decision of said questions, might, if he should so elect, try any further questions arising in the cause by the jury. It was also agreed that any question of law might be raised and considered in the case which could be legitimately raised upon general or special demurrer, or in any other form of pleading to said declaration.

*Felton,* for the plaintiff.

There can be no question in this case as to the submission. Some parts of the award may be void, and other parts valid. The sum of two hundred and forty-two dollars and twenty-three cents awarded to the plaintiff is entirely distinct from the other parts of the award and in no way dependant upon them, and the same, I think, is true of the twenty-five dollars awarded to the plaintiff, as the defendant's share of the costs of the arbitration; and I see no objection to the third item of the award which I undestand to have been partly, if not wholly, executed. An award may be good in part and void as to the residue. See *Pope* v. *Brett,* 2 Saunders Rep. 292 to 293 both inclusive, and notes, especially note 1 p. 293 *a.* *Lincoln* v. *Whittenton Mills,* 12 Metcalf 31-34. Caldwell on Arbitration, 1st American Edition 106. *Simmons* v. *Swarne,* 1 Taunton 549. *Ingram* v. *Milnes,* 8 East 444. Tidd's Practice 751.

We say we can recover two hundred and forty-two dollars and twenty-three cents, and the twenty-five dollars, if no more.

*Hibbard* and *Carpenter,* for the defendant.

The whole award is void.

I. The second item in the award is clearly void, because neither the quantity nor the value of the potatoes is determined; nothing is settled by it; it is neither certain nor final. Kyd on Awards 194. *Pope* v. *Brett,* 2 Sand. 292-294; *Waite* v. *Barney,* 12 Wend 377. *Schuyler* v. *Van Der Veer,* 2 Caines 235. *Price* v. *Popkins,* 10 A. & E. 139. *Titus* v. *Perkins,*Skin.247-248, cited by Crowder, *arguendo,* in *Price* v. *Popkins.In re Marshall & al.,* 3 Qu. B. 878. *Thomas* v. *Molier,* 3 Ham. (Ohio) 366.

II. The third item in the award is void, because it orders "timber and reservations" to be sold at auction under *the direction of G. W. Mann,* a stranger to the submission. He, by the terms of the award, must direct the sale, or the timber, &c. cannot be sold. An award that an act be done by a *stranger,* is void. 2 Parsons on Contracts 204, and cases cited. Kyd on Awards 160 and 188. Bacon's

Abridgt. Tit. Arb. & Aw. E. 1.    Tomlin v. *Forderick*, 5 A, & E. 147.    *Martin* v. *Williams*, 13 Johns. 264.

III.    The fourth item is void, as far as relates to what is awarded to be done by the plaintiff, because "the Howland place, so-called" is not sufficiently identified.    It does not appear that there is such a place.    *Banks* v. *Adams*, 10 Shep. 259.    *Thomas* v. *Molier*, 3 Ham. (Ohio) 266.

IV.    If either of the three first items of the award are void, the whole is void; since, plainly, by the express language of tne award, the quitclaim by the plaintiff, is the consideration of all the things awarded to be done by the defendant.    *Schuyler* v. *Van Der Veer*, 2 Caines 235.    *Pope* v. *Brett*, 2 Sand. 293, note.    *Clement* v. *Durgin*, 1 Green 300.    *Gordon* v. *Tucker*, 6 Green 247.    *Shearer* v. *Handy*, 22 Pick. 417.    *Stonehewer* v. *Farrar*, 6 Qu. B. 730.

V.    The award is void, because it does not embrace all the matters within the submission, which were brought to the notice of the arbitrators.    Items two and three being void, the arbitrators must be deemed to have made no award upon those subjects, and so the objection is apparent upon the face of the award.    *Tudor* v. *Scovill*, 20 N. H. 173,    *Varney* v. *Brewster*, 14 N. H. 49.    *Nichols* v. *Johns*, 5 Eng. L. & E. 458.

VI.    The concluding clause, if, as it would seem, a part of the award (*vide*, *Platt* v. *Smith*, 14 Johns 368) is void, for the reasons stated under our first point.    *Vide* cases there cited.    *Parker* v. *Eggleston*, 5 Blackf. (Ind.,) 128.    1 Sup. U. S. D. p. 139 § 153. *Goode* v. *Waters*, 1 Eng. L. & E. 181.

FOSTER, J.    We can discover no valid objection to the form of the plaintiff's action, nor to the form or substance of his declaration.    The general and the special counts seem to be well stated and sufficient to support the cause of action to which they are severally applicable.

This is a parol submission and award.    [Chitty on Contracts 4. *Oates* v. *Bromil*, Salk. 75.

A submission is a *contract* between two or more parties, whereby they agree to refer the subject in dispute to others and to be bound by their award, and the submission itself implies an agreement to abide the result, even if no such agreement were expressed.    *Stewart* v. *Cass*, 16 Vt. 663 ;    *Gordon* v. *Tucker*, 6 Greenl. 247 ;  2 Ch. Pl. 242 note p.

Where the submission is by parol, an action of assumpsit will lie to recover a compensation in damages for the non-performance of the award ; and this remedy may be had whether the party refusing to perform were directed to pay money, or to do any collateral act : 1 Com. Dig. 554.    Caldwell on Arb. 201 ; *Piersons* v. *Hobbes*, 33 N. H. 30.

If, under such a submission, the award be that a certain sum of money is due from the one party to the other, the sum awarded may be recovered under a count in *indebitatus assumpsit*, or a count on

an *insimul computassent.*     *Bates* v. *Curtis*, 21 Pick. 247 ; 2 Chitty
Pl. 243 note *x.*   And under the common counts it is no objection
that the plaintiff declares generally for a larger sum of money than
the specific sum awarded.    Such a count will sustain the evidence
of the specific award.    2 Chitty on Pleading 90 ; 1 Saund. Pl. &
Ev. 163, 286, 293 ; 2 Greenl. Ev. §§ 69, 70 note 2.

And the plea of non-assumpsit puts in issue every material aver-
ment, and even intrinsic defects in the award, 2 Greenl. Ev. § 81 ;
and see *Tudor* v. *Scovill,* 20 N. H. 171.

But the defendant contends that the award in this case is wholly
void, and that no action can be sustained upon it.    This leads us to
the inquiry : what are the essential requisites of a *good* and *valid*
award ?    It must be, 1st, consonant to the submission.    2d, It must
be certain.    3d, It must be of things possible to be performed. 4th,
It must be final.    Caldwell on Arb. 103.

Let us see, then, how far, if at all, these requisites are fulfilled by
the whole or any sufficient part of the award.    A careful analysis of
the award resolves it into seven distinct parts.

It will be borne in mind that the submission is general, "of and
concerning *all the matters in difference,* controversies, disputes, and
accounts and demands whatsoever, *in law or equity,* depending be-
tween the said parties, said award to be put in writing, and *to be
final* between the parties."

1.    The first item of the award provides that the defendant shall
pay to the plaintiff two hundred and forty-two dollars and twenty-
three cents.

So far as it stands by itself, this award comes within all the re-
quirements, and is sufficient and valid.

2.    The second item provides that the defendant shall pay to the
plaintiff the value of certain potatoes ; without pointing out, upon
the face of the award or by reference to any rule or standard, any
method of ascertaining such value.

This award is clearly bad.    It is neither certain nor final.    The
submission provides for the final settlement of all controversies, but
the form of the award in this particular invites controversy and liti-
gation.

An award must be so certain that not only the intention of the ar-
bitrators shall be clearly apparent, but that it can be easily compre-
hended and be carried into execution without reference to, or the aid
of extrinsic and independent circumstances.    *Howard* v. *Babcock,*
21 Ill. 369.    And where a sum to be paid does not appear from the
award itself, unless that sum may be easily ascertained by refer-
ence to a rule or provision of law, or some fixed, ascertained and
well undersood standard, or by arithmetical calculation, the award as
to that sum is void. *School District* v. *Aldrich,* 13 N. H. 145 ; *Waite*
v. *Barry,* 12 Wend. 380 ; *Brown* v. *Hunkerson,* 3 Cow. 72 ; *Price*
v. *Popkins,* 10 Ad. & E. 145 ; *Parker* v. *Eggleston,* 5 Blackf. (Ind.,)
128.    Therefore, it was held in *Wright* v. *Smith,* 19 Vt. 110, that an
award that a party should pay the "taxable costs" of a pending suit

was sufficiently certain, because the precise amount of the taxable costs was ascertainable by reference to the statute.    And so is *Andrews* v. *Foster*, 42 N. H. 376. But in *Winler* v. *Garlick*, Salk. 75, where the award was that one party should pay the other ten pounds, and the costs of a suit pending in an inferior court and there to give mutual releases,—the court said—"to pay such costs as the master shall tax is good, for *id certum est quod certum reddi potest*, but this is uncertain, and carries it farther than has hitherto been allowed."

An award that one shall give a bond, without saying in what sum is bad, *Samon's case*, 5 Co. 77, and 80, and so of an award that one should pay as much as a quarter of malt should be worth.    1 Rol. Ab. Arb. E. Pl. 7.    Or, so much as the land is worth, Skinn. 247-248. *Fipping* v. *Smith*, Strange, 1022 ; *Knott* v. *Long*, Strange, 1025 ; *Lincoln* v. *Whittenton Mills*, 12 Met.   31 ; *Schuyler* v. *Van Der Veer*, 3 Caines 240 ; and in *School District* v. *Aldrich, ante, Parker, C. J.* said : "There would have been no certainty if the arbitrators had awarded costs, unless they specified the amount or provided a mode by which it was to be ascertained, for there was no tribunal to tax them."

3.    The third item of the award, although probably intended by the arbitrators as beneficial for the interests of both parties, and as being an impartial and just arrangement concerning the matter to which it relates, cannot stand as a valid award, if either party chooses to object to it.

It is not within the terms of the submission, and is an excess of authority by the arbitrators.

If one part of an award be that a stranger shall do some act, it is not only of no force as to the stranger, but of no force as to the parties, if this unauthorized act cannot be severed from the rest.    2 Parsons on Contracts 201 and authorities cited in note *o*.

If the stranger be the mere agent of one or both the parties it may not invalidate the award, 2 Pars. Con. 201, and in favor of awards, it has been said that this will be supposed, where the contrary is not indicated *Ibid* 202 ; and perhaps it may not invalidate the award if duties only ministerial, and not requiring the exercise of judgment in any matter of importance, be imposed upon the stranger.

In this case, however, it seems to us there may be good and sufficient reasons why a party to the submission should not be required to abide by the decision of the arbitrators in this particular.    The direction is that certain timber and reservations in the defendant's deed of the Howland place shall be sold at auction " under the direction of G. W. Mann."

It seems to us that the arbitrators exceeded their authority by appointing for the parties an agent who might be unacceptable to either of them.    We are inclined to think his duties were not merely ministerial.    He had some discretion at least, with regard to the notices of the sale, and the time and manner of directing it.    If he were, as he might be, the auctioneer, or if he had power to employ that officer, his skill and capacity, or that of the auctioneer employed by

him, might affect to no little extent the avails of the sale; and an injudicious and an untimely sale might be a disadvantage and pecuniary loss to the parties.

4. That part of the fourth item, as it is called, in the award, which directs that the defendant shall pay the plaintiff twenty-five dollars, as his share of the costs of the arbitration is valid and good, upon the principles before stated, being sufficiently certain, and the power to award and apportion costs being incident to the submission.

5. With regard to the direction that, upon performance of the foregoing award, the plaintiff shall execute and deliver to the defendant a quitclaim deed of his interest in the Howland place so-called, we do not deem it necessary to decide whether it was within the scope of the arbitrators' power to make such a direction. If it were so, we should be inclined to regard the designation of the property to be conveyed as sufficient. Parol evidence may be resorted to in aid of the description. *Williams* v. *Warren*, 21 Ill. 541.

6. Arbitrators, under a general submission of all controversies and demands have power to award that mutual discharges and releases may be given upon the performance of the duties prescribed by the award. It is clearly incident to the submission and essential to the finality and enforcement of the award.

7. At the foot of the award, after the date and signature, is a memorandum, which is signed by the arbitrators, in these words: " The twenty-five dollars and four dollars and fifty cents ch. by C. W. on his cash book D. W. to pay, unless he shows it paid."

Words written in the margin of an award by the arbitrators, in a distinct sentence, are nevertheless to be regarded as a part of the award; and to receive the same construction as if inserted in the body of it. *Platt* v. *Smith*, 14 Johns. 368.

Therefore, the arbitrators having directed that the execution of the deed and the releases should follow and depend upon the performance of the "*foregoing* awards," this item must be considered as embraced in the company of those conditions upon which the execution of the deed and the other writing is made to depend.

It requires no argument to show that this part of the award is invalid. It is a matter clearly within the submission, exhibited to the referees by the evidence of the cash book, but left undecided, and open to controversy and litigation. The award therefore in this respect is not final. Caldwell on Arb. 128; 1 Com. Dig. 549.

We have seen, if these views are correct, that some portions of the award in this case are void.

It is an elementary principle in the law of arbitrament and award, that an award may be good in part and bad in part; and that, in certain conditions, the valid part may be sustained and may support an action for breach of the promise to perform the general award. *Pope* v. *Brett*, 2 Saund. 292; *Foster* v. *Durant*, 2 Cush. 544; Cald. on Arb. 106, 130; *Lyle* v. *Rodgers*, 5 Wheat. 394; *Schuyler* v. *Van Der Veer*, before cited.

But those are cases where the subject appears clearly capable of being separated. It must clearly appear that the void part is not only disconnected and distinct from the valid parts in itself, but that it would not have affected the decision of the arbitrators in other respects : so that the void part being rejected, the remaining parts will yet express the judgment of the arbitrators truly. Cald. on Arb. 130 note 1 and authorities cited; or, in the language of Mr. Ch. J. Marshall, (5 Wheat. 409) "if that part which is void be so connected with the rest as to affect the justice of the case between the parties, the whole is void." And he enforces the principle by this illustration : "If A. be directed to pay B. one hundred dollars, and also to do some other act not well enough defined to be obligatory, there is no reason why B. should not have his one hundred dollars, because he cannot also get that other thing which was intended for him. But if A. be directed to pay B. one hundred dollars, and B. to do something for the benefit of A. which is not so defined as to enable A. to obtain it, there is much reason why A. should not pay B. the one hundred dollars; since he cannot obtain that which the arbitrators as much intended he should receive as that he should pay the sum awarded against him."

In *Pope* v. *Brett*, the award was that Pope should be paid by Brett the money due to Pope as well for task work as for day work, and then Pope should pay to Brett twenty-five pounds; and mutual releases were also awarded.

It was admitted that the award of payment for task work and day work was void for uncertainty; but it was contended that the award was good for the residue. But the court said that "if the clause of task work and day work be void, as it is admitted to be, the whole award is void; for it appears that Wm. Pope was awarded to pay the twenty-five pounds and to give a general release, upon a supposition by the arbitrator that he should be paid the task work and day work by virtue of that award, and, that not being so, it was not the intention of the arbitrators, as appears by the award itself, that he should pay the money and give a general release and yet receive nothing for the task work and day work, as by reason of the uncertainty of the award, in that part, he could not." And in his note of this case, Sergeant Williams says : "If by the nullity of the award in any part, one of the parties cannot have the advantage intended him as a recompense or consideration for that which he is to do to the other, the award is void in the whole." See also *York & Cumberland R. R.* v. *Myers,* 18 How. 246 ; *Boynton* v. *Frye,* 33 Maine 219 ; *Sawyer* v. *Freeman,* 35 Maine, 546 ; *Price* v. *Popkins,* before cited.

Now let us apply these considerations to the present case. The submission was of *all controversies and demands,* and the purpose and intent of the arbitrators was to prevent litigation, and permanantly settle all disputes and all occasions for controversy. The demand was mutual. Certain things were to be done with regard to matters in which the parties had an undivided interest. Certain

sales were to be made, and the proceeds divided. Certain monies were to be paid by the defendant to the plaintiff, a deed was to be given by the plaintiff to the defendant, and each party was to execute a full release and discharge to the other, *upon* and *only* upon and after the payment and performance of all *"the foregoing awards and conditions."*

We have seen that the second item in the award, that relating to the potatoes, is void.

Is this subject clearly capable of being separated from the good parts of the award, so that, notwithstanding the nullity of this part, the defendant may still have the advantage intended him, as a recompense or consideration for that which he is required to do? or, is this void part so connected with the case as that it probably affected the judgment of the arbitrators in respect to the other matters, and so affects the justice of the case between the parties?

The whole and every part of the subject matters and things which the arbitrators have considered under this submission is, by the terms of their award, expressly made the consideration of that which the defendant is required to do ; namely, to give to the plaintiff a full release and discharge. The language of the award, in this respect, is : " We do further award and determine that, upon and immediately after the foregoing awards and conditions are paid and performed, each shall to the other give a general release and discharge in writing, of all manner of claims and demands and controversies whatsoever either of them hath against the other of them, of the matters herein intended to be settled, or any other description whatever."

This subject of the potatoes (We do not know how important or unimportant it may be in fact, or may have been considered by the arbitrators, or by either party. We know nothing of the quantity, and the arbitrators have left us entirely ignorant of their value.) was one of the " matters herein intended to be settled." It is wholly unsettled, and left open to controversy and litigation. And yet, by the very terms of the award, the defendant is required to give a written release and discharge of this " controvery."

Again, since no money is required by the award to be paid by the plaintiff to the defendant, the arbitrators must have considered that there was a balance due from the defendant to the plaintiff. In fixing the sum of $242.23, awarded him by the first item, they probably came to that result by deducting from some larger sum which they had in mind, the probable and supposed value of the potatoes, and so the bad part of the award apparently affected the judgment of the arbitrators in respect to other matters. If this were so, the second item is so connected with the first that the two cannot be separated without affecting the justice of the case between the parties. And again, the advantage intended the defendant, as a recompense and consideration for the release which he is required to give to the plaintiff, was the ascertainment of the amount, if anything, due on account of this particular subject-matter and the repose and quiet arising from the

*settlement* of *this*, as well as all other subjects of controversy; but an essential part of this recompense and consideration fails, because of the nullity of this portion of the award.

If we apply the same tests to the ' third item, can it be said or inferred, that this item is so disconnected and independent of the first, that the judgment of the arbitrators was not affected, nor the amount of the sum in money there stipulated to be paid by the defendant, ascertained and regulated by considerations of, or an estimate by the arbitrators, of the probable avails of the sale of timber and other reservations in the deed of the Howland place?

Unless we can find from an examination, comparison and general view of all the matters contained in the general award, that these matters were disconnected and independent, it is clear that one of them cannot be retained and the other rejected, without affecting the justice of the case between the parties.

And finally, with regard to the seventh item:—the charges upon the plaintiff's cash book. So far as the consideration and recompense for the defendant's discharge and release of controversies is concerned, it wholly fails, by reason of the nullity of that part of the award. With regard to this matter, the arbitrators have not only left the claim unsettled and open to litigation, but they have undertaken to regulate the course and method of pursuing the litigation, by casting upon the defendant the burden of proof with regard to the payment of the charges involved in the controversy.

It is quite apparent that, in the result of any possible separation between the good and the bad parts of this award, the defendant cannot have the advantage to which he is entitled, as the fair consideration for the execution of his written discharge and release.

It is no answer to these considerations to suggest that the plaintiff may accept and enforce so much of the award as is good, and waive performance and payment of the rest. He has not offered to do so, by any act or declaration. He declares, in his writ, that he *is ready* to execute a quitclaim deed and a release, *upon the performance and payment by the defendant of everything required by the arbitrators to be done and paid by the defendant*, without distinction between the valid and the invalid parts of the award.

But the defendant is entitled, as the other party is, to the substantial advantage, (which is the sole object of a submission of mutual controversies and demands,) of a final settlement of every disputed thing, and a quieting of all strife and controversy by means of a good, valid and effectual award.

Upon the whole, we are of the opinion that the different parts of the award are so dependant upon each other that the good cannot be separated from the bad, so that the former, alone, shall express the full intention of the arbitrators, do full justice to both parties and satisfy the ends intended to be accomplished by the submission; that there is so much left unsettled, and so much uncertainty with regard to things required of the parties by the award, that we are bound, by the principles of the law and by common justice, to consider the whole as void.

We do not lose sight of the principle that an award is to be supported if it may be, consistently with the rules of law ; and that, if the whole may not stand, still, it is desirable that any good portion of it, independent of the bad, should be allowed to prevail ; but the paramount object is to effect, by means of the submission and award, a final settlement of all the matters in dispute, conformably with justice and the interests of the parties, that' there may be an end of litigation.    And to this case, it seems to us, the language of Lord Denman, C. J., in *Tomlin* v. *The Mayor of Fordwich,* 5 Ad. & E. 147, is peculiarly applicable :  " I always find a *difficulty* in separating the good part of an award from the bad.    The arbitrator probably frames one part with a view to the other ; and each may be varied by the view which he takes of the whole."    In the present case, we find the difficulty which His Lordship encountered and lamented, to be insuperable.

<em>Case discharged.</em>