OHIO COUNCIL 8, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO ET AL., APPELLEES, *v.* OHIO DEPARTMENT OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES ET AL., APPELLANTS.

OHIO COUNCIL 8, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO ET AL., APPELLANTS, *v.* OHIO DEPARTMENT OF MENTAL HEALTH ET AL., APPELLEES. (TWO CASES.)

OHIO COUNCIL 8, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO ET AL., APPELLANTS, *v.* NORTHWEST OHIO DEVELOPMENTAL CENTER ET AL., APPELLEES.

[Cite as Ohio Council 8, AFSCME *v.* Ohio Dept. of Mental Health (1984), 9 Ohio St. 3d 139.]

(Nos. 83-217, 83-268, 83-452 and 83-899—Decided February 8, 1984.)

140

*Ms. Sandra Mendel,* for appellees, in case No. 83-217, and for appellants in case Nos. 83-268, 83-452 and 83-899.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. B. Douglas Anderson,* for appellants in case No. 83-217, and for appellees in case Nos. 83-268, 83-452 and 83-899.

*Per Curiam.* The issue presented for review is whether the mediation provisions of the collective bargaining agreements between Ohio Council 8 and the state agencies are subject to the arbitration confirmation procedure set forth in R.C. Chapter 2711.

R.C. 2711.01 provides in pertinent part:

"*A provision in any written contract* * * * *to settle by arbitration a controversy* thereafter arising out of such contract * * * or any agreement in writing *between two or more persons* to submit to arbitration any controversy * * * *shall be valid,* irrevocable, *and enforceable,* save upon such grounds as exist at law or in equity for the revocation of any contract." (Emphasis added.)

R.C. 2711.09 provides, in part, as follows:

"At any time within one year after an award in an *arbitration proceeding*

is made, any party to the *arbitration* may apply to the court of common pleas for an order confirming the award. * * *'' (Emphasis added.)

The state agencies collectively contend that a court of common pleas does not have subject matter jurisdiction to review or confirm a third party's recommendation for resolution of a labor grievance under the subject agreement, since the agreement refers to "mediation" and an "advisory report," whereas R.C. 2711.01 *et seq.* only provides for review of awards made in arbitration.

Conversely, Ohio Council 8 maintains there is no legal distinction between the term "mediation," as referenced in the aforementioned contractual provisions, and "arbitration" as contained in R.C. Chapter 2711. As such, Ohio Council 8 labels the state agencies' argument semantical and contends that the agreement is enforceable under R.C. Chapter 2711. We disagree and conclude, based upon an examination of various definitions, case law and treatises on commercial arbitration, that mediation and arbitration represent separate and distinct means of attempting to resolve grievances.

For example, Webster's Third New International Dictionary (1966) defines "arbitration" as the "* * * hearing and *determining* of a case between parties in controversy by a person or persons chosen by the parties * * * instead of by a judicial tribunal * * *." (Emphasis added.) On the other hand, "mediation" is defined therein as "* * * intervention between conflicting parties or viewpoints *to promote* reconciliation, settlement, compromise, or understanding * * *." (Emphasis added.)

This distinction, between submission of a controversy for determination and submission of a controversy to promote reconciliation, was recognized over a century ago by the United States Supreme Court in *Gordon* v. *United States* (1868), 74 U.S. (7 Wall.) 188. Therein, the court stated that "[i]n order to clothe a person with the authority of an arbitrator, the parties must mutually agree to be bound by the decision of the person chosen to determine the matter in controversy." *Id.* at 194. Accord *Matter of Riverdale Fabrics Corp. (Tillinghast-Stiles Co.)* (1954), 306 N.Y. 288, 118 N.E. 2d 104.

Additionally, in *District of Columbia* v. *Bailey* (1898), 171 U.S. 161, 171, the court, quoting from the Supreme Court of New Hampshire in *Whitcher* v. *Whitcher* (1870), 49 N.H. 176, 180, stated:

" 'A submission [to arbitration] is a contract between two or more parties, whereby they agree to refer the subject in dispute to others and to be bound by their award, and the submission itself implies an agreement to abide the result, even if no such agreement were expressed.' "

Finally, in his treatise on commercial arbitration,[2] Professor Martin Domke discusses the terms "mediation" and "arbitration," as follows:

"Arbitration differs from mediation and conciliation. These are processes mostly used in the settlement of labor-management grievances where the

---

[2] Domke, The Law and Practice of Commercial Arbitration (1968), Section 1.02, at page 3.

parties in dispute resort to the services of a third person to help them reach a compromise or to offer a recommendation for a settlement. This recommendation is not binding upon the parties and is not enforceable by court action. Arbitration, however, is based on a voluntary agreement of the parties, made before the arbitration process is instituted, to submit a dispute for the binding decision of the arbitrator. As it was said: 'Mediation is an advisory, arbitration a judicial, function. Mediation recommends, arbitration decides.' " (Citing Moore, 7 Digest of International Law [1906] 25.)

Notwithstanding the argument advanced by Ohio Council 8, it is clear that the terms "mediation" and "arbitration" are not functionally equivalent, but represent different methods with which to attempt to resolve grievances. R.C. Chapter 2711 only vests jurisdiction in the courts of common pleas to confirm awards made in arbitration proceedings. However, the proceedings which Ohio Council 8 and its members seek to enforce do not stem from arbitration. Instead, the proceedings can best be described as mediatory. An examination of the pertinent provisions of the aforementioned agreement demonstrates that the third party was not only labeled as a "mediator," but was to function in an "advisory" capacity. In addition, either side could reject the advisory opinion for a variety of reasons specifically set forth within the agreement.

Contrary to the decision of the Court of Appeals for Pickaway County, the parties did not agree to be bound by the decision of a third party. In fact, the agreement expressly provides otherwise. Without this critical element, there was no arbitration and, therefore, the provisions of R.C. Chapter 2711 are not available to confirm the mediators' recommendations concerning the grievances filed by Ohio Council 8 and its members.

For the foregoing reasons, the judgments of the Courts of Appeals for Montgomery, Stark and Lucas Counties are affirmed, and the judgment of the Court of Appeals for Pickaway County is reversed.[3]

*Judgment in case No. 83-217 reversed.*
*Judgments in case Nos. 83-268, 83-452*
*and 83-899 affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[3] Alternatively, the state agencies contend that the lower courts lacked jurisdiction to confirm the mediators' recommendations on the basis of sovereign immunity. In view of our holding, this contention need not be addressed.