DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Huron County Court of Common Pleas which denied a motion to stay and motion to compel arbitration filed by appellant, Home Buyer's Warranty. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERRORS PRESENTED FOR REVIEW
 "THE TRIAL COURT'S ORDER DENYING HOME BUYER'S WARRANTY'S MOTION FOR ORDER COMPELLING ARBITRATION AND STAYING PROCEEDINGS PENDING ARBITRATION WAS CONTRARY TO LAW."
The following facts are relevant to this appeal. On March 2, 1999, appellee, Pam Ella Davidson ("Davidson"), filed a complaint against Robertson Orchards, Inc., ("dealer"), Palm Harbor Homes ("manufacturer") and appellant setting forth claims of breach of express and implied warranties, breach of contract, and commission of unfair, deceptive and unconscionable acts in violation of R.C. 1345.02 and R.C. 1345.03 in regard to her contract with the dealer and manufacturer for the manufacture, construction and installation of a manufactured home. Davidson also asserted a claim for declaratory judgment against appellant in regard to a Home Buyer's Warranty agreement ("agreement") entered into by appellant and Davidson on June 24, 1997. The agreement warranted the construction and installation of the residence. Davidson alleged that appellant had denied coverage and had failed to provide further coverage.
On May 20, 1999, appellant filed its motion to stay and motion to compel arbitration; Davidson filed a memorandum in opposition and appellant filed a reply memorandum. On June 26, 1999, the trial court denied appellant's motion to stay and motion to compel arbitration. Appellant filed a timely notice of appeal.
In its assignment of error, appellant argues that the trial court erred in denying its motion to stay and motion to compel arbitration. This court finds no merit in this assignment of error.
An order that denies a stay of any action pending arbitration is a final order. R.C. 2711.02[1] See, also,Stewart v. Shearson Lehman Brothers, Inc. (1992), 71 Ohio App.3d 305. This court's standard of review of an order denying a stay is abuse of discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. (Citations omitted).
Appellant argues that the trial court erred in not applying federal arbitration law in this case. This court does not agree.
A strong presumption of arbitrability has been embodied in the Federal Arbitration Act, Section 2, Title 9, U.S. Code, which governs the enforcement of agreements to arbitrate in contracts involving interstate commerce. As noted by the United States Supreme Court in Volt Information Sciences, Inc. v. Boardof Trustees of Leland Stanford Junior University (1988),489 U.S. 468, 474, "The Act was designed `to overrule the judiciary's longstanding refusal to enforce agreements to arbitrate,' (Citation omitted) * * *." The FAA applies to all states.Southland Corp. v. Keating (1984), 465 U.S. 1; Weiss v. Voice/FaxCorp. (1994), 94 Ohio App.3d 309. As noted by the Ohio Supreme Court in Branham v. CIGNA Healthcare of Ohio, Inc. (1998),81 Ohio St.3d 388, 390, fn. 4:
 "While the law of this state favors arbitration, (Citations omitted) not every arbitration clause is enforceable. R.C. 2711.01(A); Schaefer, 63 Ohio St.3d 708, 590 N.E.2d 1242."
Section 2 of the FAA declares that a written agreement to arbitrate in any contract involving interstate commerce "shall be valid, irrevocable, and enforceable, save upon grounds that exist at law or in equity for the revocation of any contract."9 U.S.C. § 2. R.C. 2711.01 also provides:
 "(A) A provision in any written contract, * * *, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, * * *, shall be valid, irrevocable, and enforceable, except upon grounds that exist at law or in equity for the revocation of any contract."
In regard to a court faced with a motion to compel arbitration, the appellate court in Weiss v. Voice/Fax Corp.,94 Ohio App.3d at 313, stated:
 "The court can decide only questions regarding the validity of the arbitration clause itself. If the arbitration clause is valid, the court must compel arbitration. (Citation omitted.)"
The arbitration clause in this case provides:
 "The total value of any award made by an arbitrator for any and all claims shall not exceed the lesser of the original sales price of the home or any applicable limit imposed upon the award of damages in a civil proceeding under the laws of the jurisdiction in which the home is situated."
Another section of the agreement in this case provides:
 "The warranty obligations of your Builder insured by NHIC during the entire term of a warranty are limited to the lesser of the original sales price of your Home, or $1,000,000 or such lesser amount as HBW or NHIC shall have communicated to your Builder. * * * WHEN THE LIMIT HAS BEEN PAID, YOUR WARRANTY RIGHTS ARE EXTINGUISHED. YOUR BUILDER'S AND/OR NHIC'S COSTS OD DESIGNING, ACCOMPLISHING, AND MONITORING REPAIRS TO YOUR HOME (OR PAYMENTS TO YOU OR TO ANOTHER INSTEAD) ARE DEDUCTED FROM YOUR HOME'S WARRANTY LIMIT. * * * (Emphasis sic.)"
Thus, as noted by the trial court in its decision and judgment entry:
 "If HBW communicated to the Builder a limit amount less than the purchase price of the home, then the obligation of HBW would be potentially less than what an arbitrator could award, thereby, making the arbitrator's award a sham. The Court finds such an arrangement to be unconscionable and, under the rule announced in Williams v. Aetna Finance Co., supra, unenforceable."
In Schaefer v. Allstate Ins. Co. (1992), 63 Ohio St.3d 708, the Ohio Supreme Court discussed at length the defining characteristics of arbitration, particularly focusing upon the final and binding nature of an arbitrator's award. The Court then stated:
 "With the foregoing discussion in mind, we believe that the policy provision at issue in this case, which provision provides that an `arbitration' award is binding if below a designated amount, but nonbinding if it exceeds such amount, does not provide for the `arbitration' of disputes as we have heretofore understood that term. While the provision purports to make an award binding in some instances, `arbitration' of a dispute, by definition, requires that the dispute be submitted to a neutral and independent `arbitrator' for a decision which is final and binding regardless of the outcome." (Emphasis sic.) Id. at 714.
The Schaefer court also reaffirmed its prior holding in OhioCouncil 8, AFSCME v. Ohio Dept. of Mental Health (1984), 9 Ohio St.3d 139, and stated:
 "Finally, in concluding this portion of our discussion, it is important to note that the courts of appeals in Said, supra, and Roen, supra, cited our decision in Ohio Council 8, supra, to support the proposition that parties are free to contract not to be bound by a arbitrator's decision. We move now to dispel any notion that Ohio Council 8 supports the proposition that parties may agree to `nonbinding arbitration.' In Ohio Council 8, we clearly distinguished between `arbitration' on the one hand and `mediation' on the other hand, and our decision in that case does not support the proposition for which it was cited in Said, supra, and Roen, supra." (Emphasis sic.) Id. at 717.
Upon consideration of the facts in this case and the above stated law, this court concludes that the trial court did not err in denying the motion to stay and motion to compel arbitration filed by appellant.
Accordingly, appellant's single assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 _____________________ Peter M. Handwork, J.
James R. Sherck, J., Mark L. Pietrykowski, J., CONCUR.
[1] R.C. 2711.02 provides in part:
 "* * * An order * * * that grants or denies a stay of a trial of any action pending arbitration * * * is a final order and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."