JOURNAL ENTRY and OPINION.
{¶ 1} Plaintiff Oliver Design Group ("Oliver") appeals from a common pleas court order staying the proceedings to allow the parties to submit to arbitration. In its two assignments of error, Oliver argues the common pleas court erred (1) by granting defendant Westside Deutscher Frauen-Verein's ("Westside") motion to stay proceedings and by ordering the parties to arbitrate, and (2) by granting summary judgment on Oliver's declaratory judgment claim without motion or evidence. Oliver has also moved the court to strike a nunc pro tunc entry filed by the trial court after Oliver filed its notice of appeal.
 {¶ 2} The complaint in this case was filed on August 9, 2001. It alleged that Oliver and Westside entered into a contract for Oliver to provide architectural and design services to Westside for an assisted living facility. Oliver claimed Westside owed it $232,059.16 for services rendered pursuant to the contract. Oliver also claimed Westside was unjustly enriched by its services, and breached its contract with Oliver. Finally, Oliver claimed that Westside had waived its right to require Oliver to participate in the three-step alternative dispute resolution ("ADR") process provided by the parties' agreement.
 {¶ 3} Westside moved the court to stay the proceedings and compel Oliver to comply with the terms of the ADR provisions, claiming that Oliver had declined to follow the ADR procedures. Oliver opposed the motion. The court granted Westside's motion in a handwritten entry filed March 5, 2002 which stated:
 {¶ 4} "Defendant's 9-10-01 Motion to Stay Proceedings so that the case can be referred to arbitration is granted. The parties shall take appropriate steps to cause this dispute to be arbitrated forthwith."
 {¶ 5} A typed and signed entry containing the same terms was entered March 7, 2002. Oliver timely filed its notice of appeal from these entries on April 4, 2002.
 {¶ 6} Though it does not appear in the record of this matter, Oliver has advised this court that on April 11, 2002, the common pleas court filed an entry nunc pro tunc as of March 7, 2002, which stated:
 {¶ 7} "Date 4-10-2002 (nunc pro tunc Entry as of 03/07/2002) Defendant's 9/10/01 Motion to Stay Proceedings and compel alternative dispute resolution is granted. The parties are obligated to abide by Section 1.3.4 and 1.3.5 of their Contract calling for Mediation and stepped dispute resolution which would ultimately lead to binding mediation, if dispute is not resolved prior to the last step."
 {¶ 8} Initially, we note that the common pleas court's orders of March 5 and 7, 2002 from which this appeal was filed are final and appealable on their face. R.C. 2711.02(C). These orders stay the action pending arbitration and therefore are "final order[s] and may be reviewed, affirmed, modified, or reversed on appeal pursuant to the Rules of Appellate Procedure." Id.
 {¶ 9} The alleged nunc pro tunc order does not appear in the record of the proceedings before this court. We cannot strike an order which is not a part of the record, nor can we consider it in rendering our decision. Therefore, we overrule Oliver's motion to strike.
 {¶ 10} Appellant's first assignment of error contends that the court erred by ordering the parties to arbitrate their dispute. There is no evidence in the record that the parties contractually agreed to arbitrate their dispute. Westside's motion asked the court to stay the proceedings and compel Oliver to comply with the alternative dispute resolution processes provided in the parties' contract. However, the scanty evidence attached to Westside's motion indicates that the contract does not require the parties to arbitrate; it only requires the parties to submit to mediation.[1] Therefore, the court erred by ordering the parties to arbitrate their dispute.
 {¶ 11} Westside urges that the contract requires the parties to submit to "binding mediation," which Westside claims is the equivalent of arbitration. Therefore, Westside argues, it was appropriate for the court to stay the action pending "arbitration."
 {¶ 12} This argument misapprehends the distinction between mediation and arbitration. Mediation is, by definition, a procedure by which the parties negotiate a resolution to their dispute with the assistance of a third party mediator. If the parties do not reach an agreement, the mediation process is at an end; no resolution may be imposed on the parties.[2] Arbitration, by contrast, is a procedure for submitting disputes for decision by a third party, and is usually a binding process. See Ohio Council 8, American Federation of State, Countyand Municipal Employees v. Ohio Department of Mental Retardation andDevelopmental Disabilities (1984), 9 Ohio St.3d 139, 142-43 (quoting Domke, The Law and Practice of Commercial Arbitration (1968), Section 1.02, at page 3).[3] Thus, mediation and arbitration cannot be functionally equivalent, as Westside contends. Id.
 {¶ 13} R.C. 2711.02 only allows the court to stay the trial of an action pending arbitration pursuant to a written arbitration agreement, not pending mediation. The contract here only provides for mediation of disputes among the parties. Accordingly, the common pleas court erred by staying the action pending arbitration.[4]
 {¶ 14} Our resolution of Oliver's first assignment of error renders moot its second assignment of error. The second assignment of error asserted that the court erred by granting summary judgment on Oliver's request for a declaratory judgment that Westside had waived its right to require Oliver to comply with the contractual dispute resolution processes. Having found that the court erred by requiring Oliver to arbitrate, there remains an open question whether Westside waived its right to require Oliver to mediate.
 {¶ 15} Therefore, we reverse and remand for further proceedings.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee its costs herein.
It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J. CONCURS.
ANN DYKE, J. (CONCURS IN JUDGMENT ONLY).
[1] ¶ a Exhibit 1 to Westside's motion was a copy of one page of the parties' contract which contained the following provisions:
¶ b "1.3.4 MEDIATION
¶ c "In an effort to resolve any conflicts that arise during the design and construction of the Project or following the completion of the Project, the Owner and Architect agree that all disputes between them shall be submitted to nonbinding mediation unless the parties mutually agree, in writing, otherwise.
¶ d "The Owner and Architect further agree, to the extent possible, to include a similar mediation provision in all contract documents and agreements with independent contractors and consultants retained for the Project and to require all independent contractors and subcontractors to include a similar mediation provision in all agreements with their subcontractors, subconsultants, suppliers and fabricators, thereby providing for mediation as the primary method for dispute resolution between the parties to all those agreements.
¶ e "1.3.5 STEPPED DISPUTE RESOLUTION
¶ f "In the event of a dispute between arising [sic] out of or relating to this Agreement or the services to be rendered hereunder, the Owner and Architect agree to attempt to resolve such disputes in the following manner:
¶ g "First, the parties agree to attempt to resolve such disputes through direct negotiations between appropriate representatives of each party.
¶ i "Second, if such negotiations are not fully successful, the parties agree to attempt to resolve any remaining dispute by formal nonbinding mediation conducted in accordance with rules and procedures as agreed by the parties herein.
¶ j "Third, if the dispute or any issues remain unresolved after the above steps, the parties agree to attain resolution by submitting the matter to binding mediation as defined in accordance with the construction Industry Mediation Rules of the American Arbitration Association then in effect."
[2] Thus, the term "binding" mediation is an oxymoron; mediation is binding only if the parties reach an agreement.
[3] Likewise, the introduction to the American Arbitration Association's Construction Industry Mediation Rules provides: "Mediation involves the services of one or more individuals, to assist parties in settling a controversy or claim by direct negotiations between or among themselves. The mediator participates impartially in the negotiations, guiding and consulting the various parties involved. The result of the mediation should be an agreement that the parties find acceptable. The mediator cannot impose a settlement, but can only guide the parties toward achieving their own settlement."
[4] We express no opinion as to the court's power to stay the action pending mediation, if the court finds that Oliver and Westside are obligated to mediate.