Mr. ¡Justice GRIER
 

 delivered the opinion of the court.
 

 The case of Ferreira
 
 *
 
 was the first to bring before us these claims,,under the treaty with-Spain in 1819. This was in. 1857, more than- thirty years after the date of the treaty. In the opinion of the Chief Justice in that ease,
 
 †
 
 will be found a concise history of the previous legislation of Congress on this subject. That case was brought here by way of appeal as from the j udgment of the District Court of Florida. And .this court was
 
 importuned
 
 to give some' utterance by which the Secretary of the Treasury might be justified in a depar-1' , ture from-the rule adopted on the subject, with regard to the allowance of interest.'. In the argument of the case tbe Attorney-General said, stating the matters as historical facts: "
 

 “The first of these claims was presented to the Sectetary of, the Treasury for payment in the year 1825, and others have been constantly and successively presented from that time to the present. ' The number of claims thus presented was about two hundred,'and the amount paid-lias exceeded one million of dollars.But from the first, and in every ease where interest has been allowed by the Florida" judge, the principal only' was paid, and the interest disallowed, by the Secretary of' the Treasury. For the last twenty-five years this has been the unvaried and uniform.'' course of decision and action by .every successive Secretary of the/ Treasury who has -acted on the subject, sustained by the official opinions of several, attorney-generals, without tbe express dissent of any one of them officially declared.”
 

 But notwithstanding the persistent importunity of the parties who brought forward those stale claims,-to obtain some
 
 dictum
 
 or hint.of an opinion that interest for more than thirty years should be pajd this court refused to take jurisdiction and pronounce any opinion, on the subject.
 

 
 *194
 
 Sipce that time' it appears- that the treasury has been thought to labor* under the. very unusual disease, of a
 
 plethora,
 
 and the Attorney-General, unwilling to “follow in the footsteps of hfs! predecessors,” has discovered a mode of relief for its
 
 depletion
 
 by allowing forty years’- intérest to these claimants, as a reward for their
 
 laches
 
 in not pursuing them in proper time.
 

 As respects the .effect of the repealing statute of March 2,18,61, the whole argument urged on behalf of the appellants is founded on a false assumption. It is asserted’ that this-is’ a cáse of arbitrament and award, and Was binding as ■ such on the' government, and that the repeal of the resolu tion of Congress could not affect or invalidate rights; vested by the award previously made under it. But the Secretary ' of-War was. not an-
 
 arbitrator.
 
 An arbitrator is defined
 
 *
 
 as “ a- private extraordinary judge
 
 chosen by
 
 the
 
 parties who have a matter
 
 in dispute, invested with power to decide the same.” -The Secretary of War acted
 
 ministerially.
 
 . The resolution .conferred no judicial-power upon h'im.
 
 †
 
 In order to clothe a person'with'the authority of an arbitrator; the parties must mutually agree, to be'bound,by the-decision-of the person ''chosen to determine1 the matter in -controversy. The resolution. under -which thé secretary; assumed to-act-did not authorise him to ..make a.final 'adjustment of the matter em'sbfaeed, ip it. It did not bind the appellant, to an acceptance - of the. amount -.reported by the secretary, or that he would cease to claipor for
 
 more,
 
 after, being a
 
 fifth
 
 time paid the 'amóuht of damages awarded to and
 
 áecepied
 
 by-
 
 him.
 

 The'joint resolution of June 1st, 1860, was the
 
 fourth
 
 resolution. which had been passedfor the adjustment of the claim of the legal representatives of George Fisher against the .United States, for injuries done tó his property by the Uni..ted.States-troops in 1813., In pursuance of the'first three bbf -these resolutions,
 
 five
 
 different allowances were made in • favoP .of, and paid ,to the appellant, amounting in all to
 
 sixty-
 
 
 *195
 

 six thousand, eight hundred and three dollars and thirty-three cents.
 
 If the finding of the Secretary of War, under the joint resolution of June 1st, 1860, was final and conclusive, so also must have been the finding and allowance of ,the second auditor of the treasurj', under the joint resolution of April 12th, 1848. Yet the appellant insisted that he was not con-' eluded by the finding of the second auditor. He claimed and received after this allowance
 
 four
 
 additional allowances: ■
 

 An arbitrament and award which concludes.one party only is certainly an anomaly in the law. The various acts and resolutions of Congress' in this case emanated from a desire to do justice, and to obtain the proper information as a basis of action, and were not intended to be submissions to the arbitrament of the accounting officer. They were designed' as instructions to the officer by which to adjust the accounts, Congress reserving to itself the power to approve, reject, or ■ rescind, or to otherwise act in the premises as the exigencies-of the case might require. In other words, these references only require the officer to act in a ministerial, not a judicial capacity.
 

 . The joint resolution of June 1st, 1860, gave the appellant, a tribunal, before which his claims might be investigated. The repeal of that resolution only deprived him of
 
 that
 
 tri-bunal.. It was competent for Congress to abolish the tribunal it created for the adjustment of the appellant’s claims, or it might have committed them to some other, authority. In either event the claimant’s right would not have been violated, only his'
 
 remedy
 
 for the enforcement of those rights would have been taken away or changed. The power that created this tribunal might rightfully destroy it, unless some
 
 rights
 
 had accrued which were the result of .the creation of such tribunal, and inseparable from it. Here no such rights had resulted from the passage of this resolution. The-appellant was left where that resolution found him. His right, to importune Congress for
 
 more
 
 was not at all impaired by its repeal.
 

 Judgment aeeirmed.
 

 *
 

 13 Howard, 40.
 

 †
 

 Page 45.
 

 *
 

 Bouvier’s Law Dictionary, title “Arbitrator.”
 

 †
 

 De Groot
 
 v.
 
 United States, 5 Wallace, 432.