Loring-, J.,
dissenting:
I think that this case is distinguished from the case of Gordon v. The United Stales, (7 Wall., 188,) and from the other cases cited, by the last sentence of the joint resolution of 15th July, 1870, which is as follows: “The right of an appeal, from *636 the findings of the Postmaster-General to the Court of Claims, is reserved and allowed to the petitioner.”
From the difference in nature between judicial and ministerial powers, neither can perform the function of the other; and, therefore, as decided in the case of The United States v. Fereira, (13 How., 40,) an appeal cannot be given to a court of the United States from an officer acting ministerially or from ministerial action, and I think it a necessary implication that the intent of the resolution giving an appeal here, was that the Postmaster-General should act judicially; for where the áctíon of.Oongressis referable to an intent within its powers, it cannot be referred to an intent not within its powers.
And unless the Postmaster-General was to act j udicially, the purpose of the resolution — which was to give to the claimant a judicial determination of his case — could not be executed at all; for the appeal is given, not to the judges of the Court of Claims, but, in express terms, to the Court of Claims. And by the decision of the Supreme Court in the case of The United States v. Todd, (13 How., 52, note,) where a power is given by statute to a court, eo nomine, it can be used only by the court, acting as such, and cannot be exercised by the judges acting as commissioners and ministerially out of court.
And 1 find nothing in the resolution which indicates to me that the Postmaster-General was not to act judicially. Where claims of money for services are referred to an accounting-officer, the presumption is that he is to act as such, and, therefore, ministerially. But, where the reference is not to an accounting-officer, the presumption does not arise, and then the act of reference is to be construed by its terms, as it ■would be if made between individuals.
And the Postmaster-General is no more an accounting-officer of the Government than is the President of the United States. The Postmaster-General may understand especially well matters relating to the mail-service, and that would quality him to be an arbitrator, but it would not make him an accounting-officer. And the terms of the resolution are 11 to investigate and adjust the claims,” &c. And I think that these terms would be efficient to constitute a submission to arbitration between individuals.
And if the Postmaster-General acted judicially, then his find-, ings, which were to include the whole case before him, and its Jaw as well as its facts, were an award, and I think it was not *637 revoked by the resolution of February 9, 1871. That does not purport to do any such thing; for by its terms it merely repeals the resolution 15th July, 1870, and thus revokes the powers of the Postmaster-General from the date of the repealing resolution. And that would no more revoke an award previously made by him than the repeal to-day of the statutes organizing this court would revoke all the judgments it had ever rendered. And if Congress has the power to revoke an award already made, it has not used it in the resolution of 1871, and the inference from that is that it did not mean to do it.
For the reasons stated, I think that under the resolution of loth July, 1870, the Postmaster-General acted judicially; that, therefore, his findings were an award; that that was not affected by the repealing resolution of 9th February, 1871, and is now a ground of action here under our general jurisdiction over awards.
My conclusion is that the demurrer to the defendants’ pleas should be sustained.
At the hearing of this case some stress was laid on the pleadings and conclusions from them. But we have no pleadings in this court, and, therefore, I think the rules of common-law pleadings cannot be used here to affect the rights of any party. It is true that our rules recognize pleas and demurrers, and, therefore, their use; but this is only a convenience to court and counsel in obtaining a concise statement of the case to be adjudged. And I think all that the pleas and demurrer in this case amounted to was, that the case was to be adjudged on the facts shown in the petition and pleas without taking evidence.
Bicitardson, J., concurred in the opinion read by the Chief-Justice.