## CHORPENNING *v.* UNITED STATES.

From the repeal of the joint resolution of April 15, 1870 (16 Stat. 673), authorizing the Postmaster-General to adjust the accounts of George Chorpenning, and from the prohibition in the act of March 3, 1871 (id. 519), directing that no part of the money thereby appropriated for the use of the Post-office Department shall "be applied to the payment of what is known as the Chorpenning claim," the implication is clear, that nothing more was to be paid to him on account of said claim, without further authority from Congress.

APPEAL from the Court of Claims.

*Mr. Joseph Casey* for the appellant.

*Mr. Solicitor-General Phillips, contra.*

MR. JUSTICE SWAYNE delivered the opinion of the court.

The appellant rests his claim upon the act of Congress of March 3, 1857, 11 Stat. 521, and the resolution of Congress of July 15, 1870, 16 Stat. 673.

Under the act of 1857, Postmaster-General Brown, on the 25th of May and the 30th of June, 1857, awarded to the claimant three several sums of $30,000, $49,842, and $29,590.95, which were paid to him. He received them under protest.

Thereafter he filed his petition in the Court of Claims, aver-

ring that he was entitled to further compensation and damages under the act.

The Court of Claims held that the action of the Postmaster-General, and the payment and receipt of the sums awarded, were final and conclusive between the parties, and the petition was dismissed. ` *Chorpenning* v. *United States*, 3 Ct. of Cl. 140. The claimant appealed to this court. While the appeal was pending, Congress passed the resolution of July 15, 1870. Under that resolution Postmaster-General Cresswell found there was due to the claimant the further sum of $443,010.70. Before any thing further was done, Congress, by a resolution of the 9th of February, 1871, 16 Stat. 702, repealed the resolution of the 15th of July, 1870, under which the last adjustment was made, and by the act of March 3, 1871, 16 Stat. 519, directed that no part of the money thereby appropriated for the use of the Post-office Department should " be applied to the payment of what is known as the Chorpenning claim."

Upon analyzing the resolution of 1870, it is found to contain the following provisions: 1. The Postmaster-General was authorized to " investigate and adjust " anew the claims of George Chorpenning under the first section of the act of 1857, " on the basis of compensation allowed by said act for regular mail service." 2. " And the claim growing out of the curtailment and annulment of his contract on route No. 12,801, on the basis of his agreement with the Postmaster-General for the service, to be settled as provided for the services named in said act." 3. " And the right of appeal from the proceedings of the Postmaster-General to the Court of Claims " was " reserved and allowed to the said claimant."

The act of 1857 became defunct by what occurred under it in that year. It was in no wise revived by the resolution of 1870. It was only referred to by that resolution for the rules and basis upon which the new adjustment authorized was to proceed.

The question before us is as to the effect of the repealing resolution of 1871. In considering that subject, the act of 1857 may be laid out of view, and will not be further adverted to.

The resolution relied upon by the appellant was wholly

unilateral. It contained no stipulation of payment, express or implied. Congress, for its own reasons, simply directed an examination and adjustment. It gave no promise and came under no obligation to the other party, and asked and received none from him. The government and the claimant stood, and continued to stand, wholly independent of each other. The government could at any time before payment recall what it had done, and the claimant was at liberty up to the same period to refuse concurrence, and assert *aliunde* his legal rights, if any he had. Prior to that time there could be no vested right and no commitment of either party, not subject to the exercise thereafter of such discretion, affirmative or negative, as might be deemed proper. The case presents the same legal aspect as if it were between individuals. If a merchant should direct his clerk or other agent to " investigate and adjust the claim " of a third party upon a prescribed basis, and the adjustment was made accordingly, can it be doubted that the merchant might thereafter, because he had come to the conclusion that the claim was tainted with fraud or had been already fully paid, or for any other reason, or as a matter of choice, without assigning any reason, decline to recognize what had been done as of any validity, and withdraw the authority under which the proceeding had been taken?

The reason of the right would be that there was no binding mutuality of assent, no consideration, and hence no legal obligation resting upon either party. The duty devolved upon the Postmaster-General was wholly ministerial, and in no sense judicial, or that of an arbitrator. The record discloses no element of an arbitrament. The adjustment, having been made under a special law, renders it in no wise different as regards the point we are considering from those made daily by the accounting officers of the government, under the general law conferring their powers and prescribing their duties. The idea that the government is finally concluded by the results at which they may arrive would be regarded as a novelty within and without the several departments.

The implication from the repeal of the resolution of 1870, and the prohibition in the act of 1871, is clear that Congress did not intend that any thing more should be paid to the

claimant without further authority from that body. *United States* v. *Babbitt*, 1 Black, 55. This case is not distinguishable in principle from *Gordon* v. *United States*, 7 Wall. 188. Aside from the views we have expressed, that adjudication is conclusive as authority against the appellant.

Our attention has been called by the counsel on both sides to the clause of the resolution giving the claimant the right of appeal from the findings of the Postmaster-General to the Court of Claims. The view which we take of the case renders it unnecessary to consider that point, and we express no opinion upon the subject.                          *Judgment affirmed.*