# Miller *v.* Louisville & Nashville Railroad Company.

*Bill in Equity for Reformation of Power of Attorney, and Rescission of Contract made by Agent.*

1. *Power of attorney on valuable consideration; sale by agent with interest in purchase.*—A power of attorney, executed on valuable consideration paid by the agent, by which he is authorized to sell within thirty days, at a price not less than a specified sum, certain lands and mineral interests belonging to his principal, makes it his duty to sell for the highest price he can obtain, and does not allow him to reserve or acquire for himself any interest in the purchase, although it is stipulated in the power of attorney that, in the event of a sale, the amount paid by him shall be considered a part of the required cash payment; nor can the purchaser, having knowledge of the agency and the interest acquired by the agent in the purchase, claim protection against the equitable right of the principal to set it aside.

2. *Offer to do equity, in bill asking rescission.*—On bill to rescind and set aside a contract of sale made by plaintiff's agent, on the ground of fraud and collusion between the agent and the purchaser, an averment that the complainant, "immediately after learning that said pretended sale had been made, repudiated it, tendered back the money and notes, and notified the defendants that he would ·not comply with such contract," is sufficient to sustain the equity of the bill on demurrer; but the money and notes should be brought into court, before relief is granted to complainant.

3. *Reformation of written contract, on ground of mistake ; prior request for correction.*—When a bill seeks the reformation of a written contract,

on the ground of mistake, but also alleges another distinct ground of equitable relief, it is not necessary to allege or show a prior request for the correction of the mistake.

APPEAL from the City Court of Birmingham, in equity. Heard before the Hon. H. A. SHARPE.

The bill in this case was filed on the 29th April, 1887, by the Louisville & Nashville Railroad Company, a corporation doing business in this State, against F. W. Miller and Richard E. Jones, Jr.; and sought to rescind, on the ground of fraud and collusion, a contract for the sale of lands between said Miller, acting as agent and attorney in fact of the complainant, and said Jones as purchaser; and also to reform, on the ground of mistake, the power of attorney under which Miller acted in making the sale.

The power of attorney, which was made an exhibit to the bill, was dated December 16th, 1886, signed by the vice-president of the corporation, and in these words: "Know all men by these presents, that for and in consideration of the sum of $5,000, to the Louisville & Nashville Railroad Company, a corporation chartered by the State of Kentucky, in hand paid by F. W. Miller & Co., the receipt whereof is hereby acknowledged, the said Louisville & Nashville Railroad Company hereby makes, constitutes and appoints them, the said F. W. Miller & Co., its true and lawful agents during the term of thirty days from the 18th December, 1886, for and in its name to sell, bargain and dispose of, to such purchasers as they may procure, all the lands as per list attached—namely, 44,080 acres in fee simple, 22,206 acres of mineral rights, and 400 acres of surface rights—at a sum not less than $500,000; payable in five equal annual payments, with six per-cent. on deferred payments from date of deeds until paid. And the said Louisville & Nashville Railroad Company does make and declare this power irrevocable, until after the expiration of said term of thirty days from said 18th December, 1886. In testimony whereof," &c. The bill alleged, that though this instrument was executed in favor of F. W. Miller & Co., F. W. Miller was in fact the only person interested in it; and that the writing, "by mistake and inadvertence," failed to express the real contract between the parties, in this: that one-fifth of the purchase-money, in the event of a sale, was to be paid in cash, of which the $5,000 paid in hand was to be considered a part, and the residue in four equal annual payments, with interest as stated.

The contract of sale to Jones was made on the 14th January, 1887, $10 being paid in cash, and the purchaser's five notes taken for the residue of the purchase-money; each being for $100,000, and payable in one, two, three, four and five years, respectively; and Miller executed to him, in the name of F. W. Miller & Co., a writing binding the railroad company to convey. The bill alleged that this contract was fraudulent and collusive; that Jones was in fact a minor under twenty-one years of age, had no visible property, and was insolvent; that these facts were known to Miller at the time, and were by him fraudulently concealed from the complainant; and that "there was an understanding and agreement between said Miller and said Jones, at the time of making said pretended sale, that said Miller was to have an interest in said real estate."

There was a demurrer to the bill, specifying twelve grounds of demurrer; and the appeal is taken from an interlocutory order overruling the demurrer.

S. J. CUMMING, and B. L. HIBBARD, for the appellants. So far as the bill seeks a reformation of the power of attorney, so called, on the ground of mistake, it ought to have alleged that the mistake was mutual, and that Miller refused to correct it on request.—Kerr on Fraud and Mistake, 422; *Renshaw v. Refferman*, 51 Md. 277; *Nevins v. Dunlap*, 33 N. Y. 676; Bish. Contracts, ed. 1887, §§ 701-02; *Lamkin v. Reese*, 7 Ala. 171; *Black v. Stone*, 33 Ala. 327; *Harold v. Scott*, 72 Ala. 374; *Robbins v. Battle House Co.*, 74 Ala. 499. The power of attorney being reformed as alleged, it shows a contract of option, founded on valuable consideration; and it is apparent that Miller had a right to become the purchaser himself, or to acquire an interest in the purchase, since the $5,000 paid by him was to be considered as a part of the cash payment on a sale. If the contract of sale made by him be set aside, since the thirty days specified in the option have expired, he is entitled to have his $5,000 refunded, or to an additional term within which to make another sale. The complainant can not retain the $5,000 paid in advance, and refuse to execute the contract made by Miller. If the complainant desired to rescind the contract, there should have been an offer to refund the $5,000, and an allegation that Jones had notice of the terms of the power of attorney as sought to be reformed.

VOL. LXXXIII.

[Miller v. Louisville & Nashville R. R. Co:]

HEWITT, WALKER & PORTER, and MARTIN & McEACHIN, *contra*, cited Add. Contracts, 920, 924; Story on Agency, 165, 210; Kerr on Fraud & Mistake, 437, 408, 396; *Kitchell v. Jackson*, 71 Ala. 561; *McGehee v. Lehman, Durr & Co.*, 65 Ala. 319; *Ware v. Russell*, 70 Ala. 174.

STONE, C. J.—The Louisville & Nashville Railroad Company, by power of attorney bearing date December 16, 1886, empowered Miller & Co. to make sale of certain lands and mineral interests, at any time within thirty days, and " at a sum not less than five hundred thousand dollars." The contract, or power, whichever it may be termed, has an additional stipulation, which is unusual in such instruments. It contains no stipulation for compensation to the agents making the sale; but, if it were simply silent on this subject, the law would imply a promise to make reasonable payment for the services to be rendered. It is not silent. On the contrary, it recites a consideration of five thousand dollars paid, or to be paid to the railroad company, for the thirty days privilege of making the sale. Options to buy, and options to sell, are sometimes bought and sold. To purchase, and at large price, the privilege of becoming the agent of another to make a sale, is certainly an anomaly. It is an anomaly, because the agent stands in a fiduciary relation to his principal, and is not permitted to be interested in the purchase, nor to make a profit on the transaction, beyond his reasonable compensation.—2 Addison Contracts, 924; *Adams v. Sayre*, 76 Ala. 509. In the present case, the agent was authorized to sell at *not less* than five hundred thousand dollars; and he was to sell as agent. It was his duty to sell for as much more as he could obtain, and whatever sum he might realize above the fixed minimum of five hundred thousand dollars, he was bound to account for to his principal. Other clauses of the instrument might be commented on, but we need not. Parties, however, if *sui juris*, may make their own contracts; and if they violate no principle of law, or of public morality, they must perform their contracts as they make them. It is our province to enforce, not to make contracts for parties.

What we have to say in this case, will be confined to the case made by the bill.

The bill charges that the alleged sale was to a minor, known to Miller to be such, and that the alleged purchaser had no property, which Miller also knew. It also charges

that Miller was to have an interest in the purchase. Each of these charges, unexplained and unrebutted, implies bad faith and fraud on the part of Miller, and, *prima facie*, arms the railroad corporation with the right to disaffirm and annul the contract of sale. And Jones can not claim to be an innocent, *bona fide* purchaser, if he allowed the complainant's agent, with whom he made the contract, to acquire an interest with him in the purchase. True, the averments of the bill as to the nature and extent of the interest Miller was to have are not very specific (see *Flewellen v. Crane*, 58 Ala. 627; *Chamberlain v. Dorrance*, 69 Ala. 40); but we think them sufficient to uphold the equity of the bill, at this stage of the litigation. If deemed advisable, the charges can be made more specific.

Many of the grounds of demurrer complain, that the complainant fails to tender the notes and money to the purchaser, and yet claims rescission. The bill avers that, "on the 18th day of January, 1887," [the alleged sale was made January 14, 1887] "and immediately after it was known to orator that the said pretended sale had been made, orator tendered to said Miller the said money and notes, repudiated the said pretended and unauthorized contract of sale, and notified said Miller and said Jones that orator would not comply with such contract." This averment would probably have been more complete, if it had offered to bring the money into court, to abide any order the court might make, and to bring in the notes, to be restored to Jones, or to be cancelled. But, at the present stage of the proceedings, we do not consider this omission fatal to the equity of the bill. Of course, the chancellor will not grant the relief prayed for, without requiring the complainant to do equity.

If reformation of the contract was the sole purpose for which the bill was filed, it would then become necessary to inquire, whether Miller should not have been requested to correct the alleged mistake, before filing the bill to have it corrected.—*Robbins v. Battle-House Co.*, 74 Ala. 499. We have seen above, however, that the bill rests on an independent equity—the alleged bad faith of Miller, in which Jones is charged to have participated. Having jurisdiction for one purpose strictly equitable, the court will dispose of the whole controversy, even though, in doing so, it may be called on to administer relief which pertains to courts of common law.

Affirmed.