# Lester *et al.* v. Johnston *et al.*

*Bill in Equity for the Correction of the Description of Lands conveyed in a Mortgage.*

1. *Equity pleading; motion to strike plea addressed to discretion of chancellor; when not reviewable on appeal.*—A motion to strike a plea of respondent to a bill in chancery, is addressed to the discretion of the chancellor, and his refusal to grant such motion is not reviewable on appeal.

2. *Bill to correct description of land in a mortgage; when not necessary to aver request prior to filing of bill.*—Where, in a bill filed to correct and reform the misdescription of land as contained in a mortgage, there are facts alleged which show that a request to correct and reform such description would have been vain and useless, it is not necessary for the complainant to aver a prior request for such purpose.

3. *Conveyance of homestead; void when one of joint owners was married, and conveyance not signed by wife.*—Where lands are owned by two people who occupy the same as a homestead, and one of them is a married man, a conveyance of such land without the wife of the married owner joining therein, as required by statute, is void as to the married owner.

Vol. 137.

[Lester *et al.* v. Johnston *et al.*]

APPEAL from the Chancery Court of Shelby.
Heard before the Hon. RICHARD B. KELLY.

The bill in this case was filed by the appellants, S.
L. Lester and S. R. Lester, to correct a misdescription
in a mortgage made by respondents, Mrs. S. F. John-
ston and W. H. Carleton to Lester, Mason & Co., a firm
composed of complainants and one Isaac D. Mason, to
correct the same misdescription in a deed made by the
individuals composing the firm of Lester, Mason &
Company to appellants, and to obtain an order of the
chancery court putting complainants in possession of
the lands on controversy. The bill averred that after
default the mortgage was foreclosed and the lands con-
veyed therein were sold by the mortgagees, and they
were bought by complainants; that before the sale un-
der the mortgage, Isaac D. Mason died, and that by the
terms of his will, his widow, Mary E. Mason succeeded
to his interest in the firm of Lester, Mason & Company
and in the lands involved in this suit; that the said
Mary E. Mason joined in the execution of the deed
from Lester, Mason & Company to complainants; that
after the execution of this last deed, it was discovered
that the lands had not been correctly described in either
the mortgage or the deed. It is further alleged that
after the execution of the deed to complainants, they
demanded of Mrs. S. F. Johnston and W. H. Carleton
possession of the said lands; that Johnston and Carle-
ton were in the possession of the lands using them as a
homestead, and that they declined to surrender posses-
sion to complainants. The bill further alleged that
Mrs. Johnston claimed to have a life estate in said
lands, and that said Carelton was the son of Mrs.
Johnston, and that he claimed to have a reversionary
interest in said lands; that he at the time of the filing
of the bill was in possession of the lands with his mo-
ther by her consent, and as her tenant. There was no
allegation that a demand had ever been made to re-
spondents to correct said instruments before the filing
of the bill.

The prayer of the bill was that the two instruments
be corrected so as to make them describe the lands

which they were intended to describe. The bill also prayed for an order that the register be empowered to issue a writ of possession to have the complainants put in possession of the lands, in case respondents or any one of them refused to yield possession.

Mrs. Mason filed a plea disclaiming any ownership or claim of ownership in the lands, and asked to be discharged by the court. Respondents Johnston and Carleton filed a joint plea and demurrer to the bill. Carleton also filed an answer in which he denied the allegations of the bill. The court overruled the demurrers and sustained exceptions to the sufficiency of the plea. Mrs. Johnston made no answer, and after this ruling of the court, a decree *pro confesso* was rendered against her.

Carleton, after the time for pleading had passed, and after the ruling of the court on the joint pleas and demurrers and without permission from either the court or register, filed a plea setting up a claim of ownership in the lands; averring therein that he did not claim a reversion in the lands, but that he was a joint owner with his mother, and that he was a married man at the time of the execution of the mortgage; that he was using the lands as a homestead, and had so occupied them for several years prior to the execution of said mortgage, and that the mortgage was as to him void because his wife did not join in the execution of the same. Complainants filed a motion to strike this latter plea from the file on the ground that it was filed after the time allowed for pleading and was filed without permission.

Testimony was taken by both complainants and Carleton. The complainants proved their allegations as to mistake in the description of the lands in both instruments, and the respondent, Carleton, introduced no witnesses to contradict this, and he admitted the execution of the mortgage, but introduced a deed from one Thomas Johnston conveying the lands jointly to himself and his mother. Complainants in answer to this introduced testimony to show that neither party had considered the deed as giving a present interest in

[Lester *et al.* v. Johnston *et al.*]

the land to Carelton; that both Carelton and Johnston assumed that the deed gave to the mother a life estate and to the son a reversion. That they had so treated the deed, and that the mother had always claimed a life estate, and that the son had admitted the claim of the life estate on the part of his mother; that the mother had for more than ten years been in the uninterrupted possession of the lands under this claim of ownership, and at the time of the execution of the mortgage the lands were so held; and that while the son was living with his mother on the place, it was by her permission, and in recognition of her title.

There was evidence introduced on the part of the defendant tending to contradict the testimony as last above set out, and tending to show that the defendant Carleton owned the property in controversy jointly with his mother and had claimed to so own it, and lived on it as owner together with his mother, since the execution of the deed from Thomas Johnston to them.

On the final submission of the cause on the pleadings and proof, the chancellor overruled the motion of the complainants to strike the plea of Carleton from the file and decreed that the complainant was not entitled to the relief prayed for and dismissed the bill without prejudice. The chancellor in his opinion stated as the ground for denying the relief prayed for and dismissing the bill, that the complainants had not applied to the respondents Johnston and Carelton for the collection of said mortgage before filing the bill, and averred no excuse for their failure to do so. From this decree the complainants appeal, and assign the rendition thereof as error.

McMILLAN & THETFORD, for appellants.—It is not necessary to allege a prior request for the correction of the mistake, when facts are stated which show that it would have been a vain and useless formality.— *Weathers v. Hill,* 92 Ala. 492; *Robbins v. Battle House Co.,* 74 Ala. 499.

When a bill seeks the reformation of a written contract on the ground of mistake, but also alleges another distinct ground of equitable relief, it is not necessary

to allege or show a prior request for the correction of the mistake.—*Miller v. L. & N. R. R. Co.*, 83 Ala. 274.

If a mother and son are living together on land, and the mother claims a right of dower, and the son a reversion only, the possession is the possession of the mother. But if the son claims whole fee, and the mother is simply living as his guest and by his sufferance, then it is the possession of the son and not of the mother.—*Kelly v. Hancock*, 75 Ala. 229; *Hancock v. Kelly*, 81 Ala. 368.

No counsel marked as appearing for appellee.

DOWDELL, J.—The motion to strike the plea of the respondent, Carleton, on the ground that the same was filed without first having obtained leave to file, was a matter resting in the discretion of the chancellor, and his refusal to strike is not reviewable on appeal.

These complainants claim under the mortgage which was executed jointly by Mrs. Johnston and her son, having purchased at the foreclosure sale. The mortgage, which is made an exhibit to the bill, conveys the property as the joint property of the mortgagors. The deed from Tom Johnston to the respondents shows a joint ownership in them, and the evidence shows a joint possession by them. There is no merit in the contention of complainants that Mrs. Johnston's possession was adverse to that of her son.

The purpose of the bill is to reform a misdescription of the land conveyed. In such a case it is not necessary to aver a prior request, and refusal to correct, where the facts alleged in the bill show that a request to correct would have been vain and useless.—*Robbins v. Battle House Co.*, 74 Ala., 499; *Weathers v. Hill*, 92 Ala. 492. The bill avers that possession of the land was demanded of the respondents and that they refused to give possession. This allegation as to the respondent Johnston is taken as confessed on the decree *pro confesso* against her. It is not to be supposed,

when they refuse on demand to deliver the possession of the property, that upon a request by the complainants the respondents would consent to a correction of a misdescription of the property in the deed, thereby the better enabling the complainants to dispossess them at law. It was upon the failure of the bill to aver a request and refusal to reform, that the chancellor dismissed it, and in doing so he was in error.

We think the evidence sustains the plea of Carleton as to his homestead. The mortgage not having been joined in by his wife in the manner provided by the statute for the conveyance of the homestead by a married man, is void as to him. But the complainants are entitled to have the misdescription of the land corrected, and to have the relief sought by the bill as to Mrs. Johnston's interest in the land.

The cause having been submitted for final decree on the pleadings and proof, the decree of the chancellor will be reversed, and one will be here rendered granting the relief prayed for as against Mrs. Johnston, but dismissing the bill as to the defendant, Carleton.

Reversed and rendered.