# Pearson *v.* Dancer, *et al.*

*Bill to Declare Absolute Conveyance a Mortgage on Account of Mistake and for an Accounting.*

[DECIDED Nov. 23, 1905, 39 So. REP. 474.]

1   *Reformation of Instruments; Pleading; Allegations of Mistake.*
    The facts constituting the mistake, and the facts which show
    that the mistake occurred without negligence on part of the
    complainant, must be stated with precision in a bill for relief
    on the ground of mistake; and failing therein the bill is de-
    murrable.

2   *Mortgages; Transactions Construed as Mortgages; Absolute Con-*
    *veyances.*—Where one makes an absolute conveyance of prop-
    erty in partial satisfaction of a debt, and executes notes for
    the remainder, accompanied at the time by a parol agreement,
    that if the property enhances in value within a definite period
    sufficiently to pay off and discharge the remainder of the
    debt, that the notes shall be cancelled and delivered, does
    not constitute an equitable mortgage, so as to authorize a
    court of chancery to sell the property so conveyed, and after
    paying debt and interest pay remainder to the vendor.

3.  *Evidence; Parol Eviedence to Vary Written Contract.*—A writing
    conveying property in partial satisfaction of a debt, with
    notes made due and payable at a definite time, without con-
    dition, in discharge of the remainder of the debt, cannot be
    varied by parol evidence of an agreement that, in the event
    the property so conveyed shall increase in value in a sum
    equal in amount to the notes, the notes shall be delivered
    up and cancelled.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

This was a bill filed by appellant against appellee and
the substantial facts alleged therein are that the com-
plainant was indebted to the respondents in the sum of
$22,000 payable in three years; and to secure the pay-

ment of said indebtedness and the interest thereon complainant executed to respondents a mortgage on said real estate in the city of Birmingham; that the interest on the loan was paid for the first three years, and after that it was paid only in part, so that in August '95, complainant executed his notes to respondents in the sum of $2,240 for past due interest, and it is alleged "that he made the defendants various payments upon the interests from July 7th, '93, to August, '95. at which time complainant executed his note for the sum above set out to the respondent for what was claimed to be past due interest, which sum was a mistake, as he was not due that amount of interest." · In July, '96, complainant olleges that he turned over the property to respondents to collect the rents and apply the same to complainant's debt and interest; and in May, '97, complainant owed respondents in addition to the principal sum of $22,000 the sum of $6,080, accrued interest; and to settle the principal of the indebtedness, complainant conveyed by absolute deed the property mortgaged and gave his note for the accrued interest, two notes of $2,240 each, and one for $1,616.29, payable in three years, with interest at six per cent. The bill alleges a parol agreement made by complainant with respondent's agent at the time of the making of the deed and notes that should the property enhance in value within three years to an amount equal to the notes and interest on them, then the notes were to be delivered up and cancelled. The notes were not paid at maturity, suit was brought on them in a court of law, and complainant was compelled to pay them.

The prayer of the bill is to compel a specific performance of the contract, a sale of the real estate and the proceeds devoted to whatever may be found justly due the defendants, and the balance paid to the complainant, and for an accounting.

There was demurrer to the bill setting up that the bill failed to show any facts showing that there was a mistake and in what amount; failing to aver any facts showing the want of negligence on part of complainant in making the settlement; an attempt to vary the effect of the deed admitted to have been made by complainant

by parol evidence; for multifariousness, and other reasons not necessary to be here set out. The demurrers were sustained to the bill, and the complainant brings this appeal.

A. O. LANE, for appellant.
WEATHERLY, UNDERWOOD & THACH, for appellee.

SIMPSON, J.—This is an appeal from a decree of the chancery court sustaining a demurrer to the bill of complainant (appellant here), and the first causes of demurrer are to the sufficiency of the allegations of the bill as to the mistake, against which relief is sought.

The complaint alleges that a note was given for an amount supposed to be due for interest, on a mortgage debt, but that "the sum was a mistake, as he was not due that amount of interest." The bill does not show particularly wherein the mistake consisted, whether he had knowledge of it at the time, nor any facts tending to show whether it was such a mistake, or made under such circumstances, as would justify equitable relief.

Mr. Pomeroy says that "Mistake, within the meaning of equity, and as the occasion of jurisdiction is an erroneous mental condition, conception or conviction, induced by ignorance, misapprehension, or misunderstanding of the truth, but without negligence, and resulting in some act or omission done or suffered erroneously by one or both of the parties to a transaction, but without its erroneous character being intended or known at the time."—2 Pomeroy's Eq. Jur. § 839, pp. 299, 300, also § 854.

It follows then that, in order that a court of chancery may know whether the mistake complained of is such as calls for equitable interposition, it is necessary that the bill should "state with precision the facts constituting" the mistake, and going to show whether it occurred without negligence on the part of the party complaining.—3 Mayfield's Dig. p. 231.

The further statement that various sums were paid, at different times, does not make the matter any clearer, nor show why the complainant did not know what sums he had paid.

While it may be true that complainant could not state exactly just what amounts had been collected of rents, income and profits, which had not been accounted for, yet he certainly could state what amounts had been accounted for and could give some facts tending to show what amounts should have been received, so that the court could have some information upon which to base a conclusion as to whether equitable relief is justified. Nor does it aver that any demand was ever made for a statement of account. These averments are entirely too general, and the first and second causes of demurrer were properly sustained.

We come next, to consider the effect of the agreement which is alleged to have been made, in May, 1897, when the complainant conveyed the land in question to the respondents.

The allegations of the bill show that said land had been, on July 7, 1890, mortgaged to respondents, for a debt of $22,000.00; that in May, 1897, there had been no accounting between the parties, but respondents, by their agent, claimed that the complainant was indebted to them in the sum of $6,080.00 for past due interest, in addition to the original principal of $22,000.00 and complainant executed a deed conveying to them for the expressed consideration of said principal $22,000.00 and, at the same time, executed his two notes, each for $2,240 and one for $1,616.29, making the sum of $6,096.29, payable 3 years from date. And that it was agreed, at said time, and was a part of the consideration of the conveyance, and of the notes, that all of complainant's notes should be cancelled and delivered to him together with three $1,000.00 bonds which were left with them as additional security if at any time before the maturity of said notes, to-wit, within three years, said property should so increase in value as to make the defendants this amount of money with interest, crediting the complainant with all payments of rents.

It is insisted, on the part of the defendants by demurrer that this in an effort to vary, by parol testimony the written obligation of the complainant, while the complainant replies that this is but the exercise of the rec-

ognized equity jurisdiction, of declaring that a deed, unconditional in form, was intended to operate as a mortgage.

We do not discover any of the elements of a mortgage in the transaction, as set out in the bill.

It is not alleged that the property conveyed was, in any event, to stand as a security for the notes given for interest. On the contrary it was conveyed absolutely, in payment of the principal of the debts, and the agreement was not that the property should, in any event, be sold and the proceeds applied to the payment of the said debt, but on the contrary the amount of principal due was paid and extinguished, and the property became the property of the defendants, without any conditions attached to the title. The only agreement was that, if the property should enhance in value, to the extent named, within the three years the said notes were to be cancelled.

So that it is simply the case of a man, executing his note for a certain amount payable, at a certain time, seeking to prove by parol that at the time of the execution of the notes there was a parol agreement to the effect that the notes were not payable absolutely as stated therein, but if a certain event transpired before their maturity, they were not to be due at all. The fact that the agreement was contemporaneous with the sale of the land, and even a part of the same transaction, does not change the fact that the agreement was not about how the land should be held, but simply about the cancellation of the notes. This is clearly within the prohibition in regard to contradicting written contracts by parol. 2 Pomeroy's Eq. Jur. § 858, p. 324; *Couch v. Woodruff,* 63 Ala. 466; *Green v. Casey,* 70 Ala. 417.

It is alleged that complainant was sued on said notes and paid them, without making any defense, or seeking to enjoin their collection. We cannot see upon what principle of equity the court of chancery can now fix a mortgage upon the lands to reimburse the complainant. The complainant prays for the specific performance of the contract, (which contract he does not state.) If it refers to the mortgage, there is no allegation showing a mortgage, if to the agreement regarding the notes,

[Turner, *et al.* v. Lawson.]

that was simply to deliver them up, cancelled, and they have been paid and cancelled.

As a bill for specific performance the bill does not show that there is any contract in existence which can be specifically enforced. There are no allegations in the bill showing that the defendants were made trustees as to the rents and profits, or that the property was, in any event, to be made subject to the claim of the complainant, so that the demurrers to that aspect of the bill were also properly sustained.

In the view we take of the case it is unnecessary further to consider the causes of demurrer.

The decree of the court is affirmed.

HARALSON, DOWDELL and DENSON, JJ.,concurring.