(88 South, 902)

BURCH et ux. v. DRIVER. (4 Div. 862.)

(Supreme Court of Alabama. Jan. 15, 1921. On Rehearing, April 21, 1921. Appellant's Rehearing Denied May 12, 1921.)

1. Equity ⬤⇒148(3)—Bill for reformation and foreclosure not multifarious.

Demurrer for multifariousness to bill for reformation of deed from complainant to respondent and mortgage back as misdescribing part of the land and for foreclosure is without merit.

2. Reformation of instruments ⬤⇒25—Complainant need not have been entirely free from negligence in mutual mistake.

Though for reformation of a deed or mortgage for mutual mistake in description, unmixed with fraud, complainant must have been free from gross or culpable negligence, he need not show he was entirely free from fault.

3. Mortgages ⬤⇒449—Bill to foreclose held subject to demurrer as showing complainant was not the owner.

Bill to foreclose a mortgage not alleging complainant is the owner, and showing by indorsement on copy of the mortgage attached and made part of the bill that he had assigned it, is subject to demurrer as showing complainant was not the owner of the mortgage.

On Rehearing.

4. Appeal and error ⬤⇒1078(3)—Error not discussed, waived, and abandoned.

An error assigned on the record to the overruling of demurrer is waived and abandoned, where appellant's attorneys in their brief, confining themselves "to the points that we think merit discussion," say nothing on the subject of such assignment.

5. Reformation of instruments ⬤⇒47—Bill to reform deed and mortgage back and foreclose maintainable, though reformation could be had by application to defendant.

Though complainant might get reformation by application to defendant, bill to reform complainant's deed to respondent and respondent's mortgage back, misdescribing part of the land, and to foreclose the mortgage as reformed, may be retained, and all the relief granted.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Bill by J. A. Driver against Alto Burch and wife to reform a deed and a mortgage, and to foreclose. Decree for complainant, and respondents appeal. Affirmed.

The bill sets up the sale by complainant to respondent of 160 acres of land and a mortgage from respondent to complainant to secure the purchase money, and alleges that complainant put respondent in possession of the land actually sold, but that, through mutual mistake, inadvertence, or oversight, both the deed and the mortgage misdescribed 80 acres of land, in that it was placed in the S. W. ¼ when it should have been placed in the S. E. ¼ of certain section. The fifth paragraph alleges the execution of the mortgage and that a copy thereof is attached and made a part of the bill, but that the deed is. not attached because it is not of record, and complainant has not access to the original and kept no copy, but that it is in the usual form of a deed and contains covenants of general warranty. Paragraph 6 alleges the payment of $125 cash on the purchase price; the payment of $875 December 1, 1917; the payment of $200 October 1, 1918; and the failure to pay the balance due on said mortgage on October 1, 1918, and the purpose and intention of the mortgagor to undertake to hold the land for 1919 and to fail and refuse to make any further payment on the purchase money. Paragraph 7 sets up a provision of the mortgage that a failure to meet any specific payment causes all the mortgage to become due at once, and complainants desire to take advantage of same. Paragraph 8 sets up an agreement to pay lawyer's fees and other expenses. Paragraph 9 sets up an offer to correct the deed and a request to correct the mortgage, both of which were declined by Burch. Paragraph 10 sets up the fact that under the terms of the mortgage the crops of 1919 are subject thereto.

E. C. Boswell, of Hartford, and Farmer, Merrill & Farmer, of Dothan, for appellants.

The receiver should not have been appointed, as appellant was entirely solvent. The ground of demurrer, raising the point that the mistake was not shown to have occurred without the fault of the complainant, should have been sustained. 144 Ala. 427, 39 South. 474; 33 Ala. 494, 73 Am. Dec. 429. The court erred in foreclosing the mortgage and ordering the property sold. 75 Ala. 245, and authorities cited; 115 Ala. 558, 22 South. 114; 27 Cyc. 1527. The court erred in confirming the appointment of the receiver. 5 Ala. 174; 114 Ala. 65, 21 South. 494; 121 Ala. 419, 25 South. 855. The holder of the legal title was a necessary party to the bill, and it is shown in the bill that the mortgage had been properly transferred to another. 132 Ala. 148, 31 South. 469; 57 Ala. 28; 18 Ala. 576.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

W. O. Mulkey, of Geneva, for appellee.

The failure of Driver to own the mortgage was tentatively waived in the original brief, and expressly waived in the supplemental on the original submittal. 148 Ala. 360, 42 South. 550; 132 Ala. 262, 31 South. 455. The bill was good as one to foreclose, and, having assumed jurisdiction for that purpose, equity will grant complete relief. 139 Ala. 379, 35 South. 1022, 101 Am. St. Rep. 38. No demand to correct was necessary. 34 Cyc. 944. The appointment of the receiver was interlocutory and an appeal must be taken therefrom within 30 days. Section 2840, Code 1907; 87 Ala. 517, 6 South. 361. Therefore errors based on the appointment of the receiver cannot be entertained. In any event, the appointment was fully justified. 86 Ala. 70, 5 South. 674; 78 Ala. 397.

BROWN, J. This bill is filed by appellee against appellants to reform a deed to certain lands sold by the appellee to the appellants, and mortgage executed by appellants to appellee to secure the purchase money, by correcting an error in the description of the land embodied therein, and to foreclose the mortgage on the lands and the crops grown by respondent in the year 1919. On application to the register, in vacation, a receiver was appointed to take charge of and gather the crops and hold them subject to the further orders of the court, and from this order of the register the respondent appealed to the circuit judge sitting as chancellor. Pending this appeal the proof was taken, and the cause being submitted for final decree on pleadings and proof, and on the appeal of the respondent from the order of the register, a decree was entered confirming the appointment of the receiver and granting the relief prayed by the bill; and from that decree this appeal is prosecuted.

The appeal properly presents for review all matters embodied in this final decree, and the motion of appellee to strike the assignments of error relating to the confirmation of the appointment of the receiver will be overruled.

[1] The demurrers to the bill as a whole for multifariousness are without merit, and were properly overruled. Code 1907, § 3095.

[2] To justify a court of equity in assuming jurisdiction to reform a deed, mortgage, or other contract on the ground of mistake, unmixed with fraud, the authorities are agreed that mistake must be common to both parties, and the term "mistake" carries with it the idea of fault in one to whom the mistake is imputed. While courts of equity will not extend aid to one who has been guilty of gross or culpable negligence, yet it is not essential that one who seeks the aid of a court of equity to reform a contract show that he is wholly free from fault. Moore v. Tate, 114 Ala. 582, 21 South. 820; Stewart v.

Stokes, 33 Ala. 494; Williams v. Hamilton, 104 Iowa, 423, 73 N.. W. 1029, 65 Am. St.. Rep. 475, and note pages 481–491; 23 R. C. L. p. 348, par. 45.

A different rule applies where a party seeks relief against a mistake on his part, not mutual as to both parties to a contract. Pearson v. Dancer, 144 Ala. 427, 39 South. 474. The first ground of demurrer to the fifth paragraph of the bill was therefore properly overruled.

[3] By the fifth paragraph of the bill—a copy of the mortgage attached as Exhibit A is made a part of the bill, on which exhibit appears the following indorsement: "For value received, and without recourse on me, I hereby transfer the within lien and mortgage to J. J. Johnson, this 4th day of October, 1917. J. A. Driver"—there is an absence of averment that the complainant was the owner of the mortgage at the time of the filing of the bill. · The second ground of demurrer to the fifth paragraph and the demurrer to the seventh, eighth, and tenth paragraphs of the bill specifically make the point that it is not shown that the complainant is the owner or holder of the mortgage.

In case of a bill filed to enforce a vendor's lien in satisfaction of notes executed to the complainant for the purchase money of lands, nothing appearing 'to the contrary, it was held that the ownership of the notes cannot be put in issue in the absense of a sworn plea. Paige v. Broadfoot, 100 Ala. 610, 13 South. 426; Noble v. Gilliam, 136 Ala. 618, 33 South. 861.

But here it appears that the mortgage on the day of its execution was assigned by complainant to Johnson, and it is a familiar rule of equity pleading that, if the bill shows matters available as a defense, such defense may be availed of by demurrer. Can it be doubted that, if the bill had averred in terms that the complainant had assigned the mortgage to Johnson, and that he [complainant] is not the owner or holder thereof, the demurrer would be well taken? If so, then, construing the averments most strongly against the pleader, such is its legal effect, and the court erred in overruling the second ground of demurrer to the fifth paragraph of the bill and the demurrers to the seventh, eighth, and tenth paragraphs of the bill.

In the ninth paragraph of the bill it is averred that the complainant has offered to correct the deed, and requested the respondent to accept the deed as corrected, and at the same time correct the mortgage, and that respondent declined to accept the deed as corrected or to execute the mortgage as corrected. Touching the issue presented by these averments, the complainant testified that he did not know of the error in the description of the lands in the deed and mortgage until the respondent called his attention to it some time in the fall of the year before his depositions were taken, and that he [complainant]

told respondent that, "if the deed was wrong, the mortgage was wrong, and that we ought to rearrange them, and he said that he would bring his wife down and we would do it"; that he (complainant) never made a corrected deed, and that respondent did not refuse to accept such deed; that respondent never refused to correct the mortgage, but that they both agreed to straighten it out. The respondent's testimony on this subject is to the effect that he discovered the error when he assessed his taxes, and that he told Mr. Driver, the complainant, and "he [Driver] said if the deed was wrong the mortgage was wrong and for me to go over to the judge of probate office with a piece of paper and see if he would not correct it, but he would not," and further that Driver has never offered him a corrected deed, and that he has always been ready and willing to accept the corrected deed and to correct the mortgage.

It thus appears that, in so far as the deed is concerned, the complainant has invoked the power of the court to do that which he could do himself without its aid, and in this respect he is not entitled to relief.

The authorities are also agreed that, if the only relief sought is the reformation of a deed or mortgage, a previous demand for correction is essential, unless it be shown that such demand would be a vain and useless formality. Weathers v. Hill, 92 Ala. 492, 9 South. 412; Lester v. Johnston, 137 Ala. 194, 33 South. 880; Miller v. L. & N. R. R. Co., 83 Ala. 274, 4 South. 842, 3 Am. St. Rep. 722; Citizens' Nat. Bk. v. Judy, 146 Ind. 322, 43 N. E. 259; Sparta School Township v. Mendell, 138 Ind. 188, 37 N. E. 604; Axtel v. Chase, 83 Ind. 546. But, where the suit is to reform and foreclose a mortgage, the general rule is that such demand is not essential; this for the reason that the equity of the bill may be rested upon the right of complainant to foreclose, and the court, having assumed jurisdiction for this purpose, will proceed to dispose of the entire controversy. Miller v. L. & N. R. R. Co., supra; Axtel v. Chase, supra; Crawford v. Chattanooga Savs. Bk., 201 Ala. 282, 78 South. 58.

But where, as here, the parties have agreed between themselves to correct the mistake, and the complainant is under a duty to correct the mistake, as in full performance of his contract to convey the land purchased, it should be made to appear that he has made reasonable effort to carry out the agreement, and in the absence of such showing he should not be granted relief. The principle often stated, "He who seeks equity must do equity," applies. Conaway v. Gore, 21 Kan. 726; note to Williams v. Hamilton, 65 Am. St. Rep. 486.

The contract of the complainant to sell and convey the lands purchased by the respondent because of the mistake in the description of the lands in the deed, attributable to his own fault, has not been fully performed, and it remains in part an executory contract, and under the authorities this is a good defense to the bill to foreclose the mortgage given to secure the purchase money. Parks v. Brooks, 16 Ala. 529; McLemore v. Mabson, 20 Ala. 137.

We are not unmindful of the rule that, where the vendor has executed and delivered to the purchaser a deed to the land purchased, with covenants of warranty, a breach of the warranty, in the absence of an eviction, fraud, or insolvency of the grantor, may not be set up as a defense to a bill to foreclose a mortgage given to secure the purchase money. McLemore v. Mabson, supra; Yarbrough v. Thornton, 147 Ala. 221, 42 South. 402; Walton v. Bonham, 24 Ala. 513; Gillham v. Walker, 135 Ala. 459, 33 South. 537; Kelly's Heirs v. Allen, 34 Ala. 663; Wilkinson v. Searcy, 74 Ala. 243; 39 Cyc. 1927 (bb).

But, as we have shown, that is not the case here. In so far as the bill seeks a reformation of the mortgage under the facts of this case, it will be assumed that the complainant has the title to the lands erroneously omitted from the description in the deed, and a reformation in this respect to aid his security would be a useless performance.

The decree of the circuit court will therefore be reversed, and a decree will be here rendered dismissing the complainant's bill, but without prejudice.

Reversed and rendered.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.

On Rehearing.

PER CURIAM. [4] As appears in the original opinion, the court held that the demurrer to the fifth, seventh, eighth, and tenth paragraphs of the bill should have been sustained; this on the theory that the bill disclosed the fact that the mortgage which complainant, appellee, sought to foreclose had been assigned to one Johnson, and therefore that complainant was not the owner or holder thereof. Complainant's bill sought to foreclose a mortgage executed to him, alleging:

"A copy of said mortgage is attached hereto and marked Exhibit A and made a part of this bill."

The copy of the mortgage exhibited with the bill shows a marginal transfer to Johnson purporting to have been executed on the day of the date of the mortgage. Upon the transfer thus shown was based the demurrer. Whatever may have been said of this ground of demurrer in the first place, our judgment now is that the decree cannot be reversed on account of the ruling aforementioned. The evidence showed without dispute that the mortgage had been retransferred to complainant long before the filing of the bill in this cause, and defendant's attorneys on this appeal have recognized this status of ownership in their briefs where, confining themselves "to the points that we think merit dis-

cussion," they say not a word on the subject of this ground of demurrer. In this state of the case it would be wholly out of line with the previous practice of this court to consider or reverse on this ground of demurrer. It is well settled that the failure of appellant to insist upon errors assigned upon the record is a waiver and abandonment thereof. 1 Michie, Dig. p. 633, § 1078, where more than fourscore cases are cited. Here we have an express waiver and abandonment.

[5] On further examination we hold also that, though perhaps complainant might have had relief in the way of reformation on proper application to defendant, no sufficient reason is thereby made to appear why the bill, which sought also to foreclose, should have been dismissed. The better rule in all such cases is to retain the bill until the correction is made; and, if the bill was filed unnecessarily, to tax the costs against the complainant. Robbins v. Battle House Co., 74 Ala. 499; Crawford v. Chattanooga Savings Bank, 201 Ala. 282, 78 South. 58. In the case at bar the bill had another and independent ground of equity for that it sought to foreclose the mortgage in which the lands pledged as security for complainant's debt were in part at least correctly described. Miller v. L. & N. R. Co., 83 Ala. 274, 4 South. 842, 3 Am. St. Rep. 722.

Again, on reconsideration, the court is of opinion that the necessity for reformation of the deed and mortgage, under which defendant and complainant respectively hold, should not bar relief under complainant's bill. The point was decided in Jones v. McNealy, 139 Ala. 379, 35 South. 1022, 101 Am. St. Rep. 38. Neither Parks v. Brooks, 16 Ala. 529, nor McLemore v. Mabson, 20 Ala. 137, holds anything to the contrary. Complainant's deed having been reformed to express the intention of the parties at the time of its execution, his contract is in no sense executory. Complainant has a right to have the memorials of the contracts of sale and mortgage entered into by and between himself and defendant made to speak the truth and then the obligations assumed by defendant enforced according to the true intention of the parties.

Application for rehearing granted. Judgment of reversal set aside. Decree of the circuit court, sitting in equity, in all things affirmed.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.