178 So. 451
**ATLAS ASSUR. CO., LIMITED, OF LONDON, ENGLAND, v. BYRNE.**

**3 Div. 230.**

Supreme Court of Alabama.

Jan. 20, 1938.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

McMillan & Caffey, of Brewton, for appellee.

BROWN, Justice.

This appeal is by the defendant, Atlas Assurance Company, Limited, of London, England, from an interlocutory decree overruling said defendant's demurrers to the bill.

The bill presents the complainant's case in two aspects. First, to reform a policy contract issued by said defendant, to the complainant and G. S. Byrne, covering a frame dwelling house situated on the southeast quarter of southwest quarter of section 28, township 1, north of range 6 East, in Escambia county, against loss by fire, by striking from the contract the name of said G. S. Byrne, leaving the complainant as the sole person insured; second, to vacate and annul an appraisement of the value of the property destroyed.

The demurrers question the sufficiency of the bill in both of its aspects.

It is well settled that courts of equity will not, in the exercise of jurisdiction to reform a contract, declare or establish a contract into which the parties did not enter. American-Traders' National Bank et al. v. Henderson, 222 Ala. 426, 133 So. 36; Reeves v. Thompson, 225 Ala. 204, 142 So. 663; Henderson v. First National Bank of Birmingham, 229 Ala. 658, 159 So. 212.

Nor will they reform contracts for a mere mistake of law. However, when a writing through mutual mistake of the parties, or mistake of one of the parties, and fraud or deception on the part of the other, or mistake of the scrivener who drew the contract for the parties, contains substantially more or less than the parties intended, or the intention of the parties is not expressed "due to inapt language," it will be reformed to express the true intention of the parties. West End Savings Bank v. Goodwin et al., 223 Ala. 185, 135 So. 161; Kinney et al. v. Kinney, 230 Ala. 558, 161 So. 798; Code 1923, § 6825.

And the rules of good pleading require that the bill state with precision the facts constituting the mistake, and showing that the mistake was not wholly due

to the gross negligence of the complaining party. Pearson v. Dancer et al., 144 Ala. 427, 39 So. 474; Burch et ux. v. Driver, 205 Ala. 659, 88 So. 902.

The facts alleged to sustain the first aspect of the bill, in short, are that the complainant was the sole owner of the property; that her deed thereto was of record; and that her ownership was well known, and, "through a mistake of the agent of the aforesaid defendant, Atlas Assurance Company, Ltd., said policy of fire insurance was made out jointly to your Oratrix and to the defendant, G. S. Byrne, with a loss payable clause payable to the defendant, The Federal Land Bank of New Orleans, as its interest might appear."

It does not appear except by mere implication or intendment that said G. S. Byrne was not, in fact, a party to the contract made between the parties, and such intendments on demurrer are resolved against the pleader. Kelen v. Brewer, 221 Ala. 445, 129 So. 23; Riles v. Coston-Riles Lumber Co., 208 Ala. 508, 95 So. 43; Blount County Bank v. Harvey, 215 Ala. 566, 112 So. 139.

We are of opinion, therefore, that some of the special grounds of demurrer, notably grounds from 15 to 24, and probably others, were well taken.

As to the other aspects of the bill, its averments construed most strongly against the pleader show that the appraisment was ex parte and in contravention of the provisions of the policy; that the insured was not a party thereto and did not participate therein. The result of such appraisement is not binding on the complainant and does not constitute an obstacle to a recovery of the full loss in an action at law.

To constitute a valid award there must be an agreement between the parties in interest submitting the matter for arbitration. Nutt v. United States, 125 U.S. 650, 8 S. Ct. 997, 31 L.Ed. 821; Gordon v. United States, 7 Wall. 188, 19 L.Ed. 35; 3 Am. Juris. 844, § 16; 2 R.C.L. 354, § 41, p. 371, § 19, p. 379, § 25.

The judgment here is that the defendant's demurrer to both aspects of the bill was well taken, and that the circuit court erred in overruling it.

Reversed and remanded.

ANDERSON, C. J., and THOMAS, and KNIGHT, JJ. concur.