51 So.2d 24

## HOLCOMB v. BECKHAM.
### 6 Div. 156.

Supreme Court of Alabama.

Feb. 22, 1951.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

Jackson, Rives & Pettus, of Birmingham, for appellee.

FOSTER, Justice.

This is an appeal by cross complainant Holcomb from a decree in equity sustaining a demurrer to the cross bill.

The original bill was by the vendor Beckham to compel the specific performance of a contract to sell certain landed property. The cross bill sought a reformation of the contract, in that, it is there stipulated that the purchase was "subject to right of way and easement of Birmingham Water Works Company," when in fact the agreement and understanding between them was that the said property was subject only to the rights of the Birmingham Water Works Company, as shown under the document exhibited and attached to the bill of complaint as exhibit "E".

The purchaser Holcomb inspected that deed in negotiating for the purchase and he saw upon the ground evidence of the pos-

session of Birmingham Water Works Company. There is no controversy here at this time between the parties and the Birmingham Water Works Company. It was made a party to the original bill, but was eliminated on demurrer.

Assuming the sufficiency of the cross bill in other respects, and only for the argument, Beckham, the vendor, is resisting reformation primarily on the ground, as argued and as set forth in his demurrer to the cross bill, that the cross bill does not allege the existence in fact of a right which the Birmingham Water Works Company has in the land other than what is set out in exhibit "E".

It is true the cross bill does not allege that Birmingham Water Works Company has any rights other than as set out in exhibit "E". But after the purchase contract was made the Birmingham Water Works Company wrote a letter to Holcomb setting up certain claims in respect to the land, as follows:

"October 10, 1949

"Mr. John H. Holcomb
309½ North 20th Street
Birmingham, Alabama

"Dear Mr. Holcomb:

"We understand that you are planning to construct and operate a cafe or restaurant and a parking lot in connection therewith on premises located along the Montgomery Highway in the neighborhood of the Valley View Apartments, which may interfere with, or impair or damage buildings, pipe lines or tunnels of The Birmingham Water Works Company located on or under or through some portions of the land which you contemplate using.

"We call attention to the fact that the use of a portion of this land by the Water Works Company and the buildings and pipes and tunnels located there have been and are now an essential part of its distribution system and any impairment or interference with their use would be of great damage and loss to the company. You probably know that the Water Company has been in possession, use and occupancy of its portion of this property since about the year 1890 and that it holds ownership thereof not only through the express language contained in the deeds of the conveyance to it, but also by its continuous and uninterrupted use of the property since about the year 1890.

"The Water Company is perfectly willing to co-operate with you in ascertaining as to whether or not the proposed use of this property by you or any of your successors or assigns will be in any way in opposition to its rights or its interests. We respectfully request, however, that you or your architects or engineers confer with us before taking any active steps for the use of this property, and also respectfully notify you that such use as you make of it must not in any way interfere with or impair or damage or trespass upon the property or rights of The Birmingham Water Works Company in the premises.

"Yours very truly,
WHHP/mw      /s/ W. H. H. Putnam."

We assume that the principle sought to be made available is that a court will not reform an instrument on account of a mistake in respect to an immaterial matter. For that is the rule which obtains in such suits.—53 Corpus Juris 928, § 43. We seem to have no case on the subject. The rule applicable to rescission for fraud on account of a false representation of a material fact is akin to, but not the same, as the rule in cases of reformation. In rescission for fraud the representation must be false with the intent to deceive and must be a material inducement. Not so in reformation. No false representation is necessary. The only office of the reality of a right in Birmingham Water Works Company in excess of that conveyed to it by exhibit "E" is in respect to whether the alleged mistake is of a material matter. The burden should not be upon Holcomb seeking to reform to allege and prove as an independent fact that the Birmingham Water Works Company has such additional right, for if that company sets up a bona fide claim of such right, Holcomb is entitled to have his contract reformed so as to express an agreement which would make the warranty protect him against it.

Therefore, the falsity of the claim is no defense to a suit to reform a warranty so as to protect the purchaser against it. The claim which the Birmingham Water Works Company has to the land is set forth in its answer to the original bill, which is quoted in the cross bill in paragraph 16 thereof. It is our view that, prima facie, such asserted claim is or may be in excess of their rights acquired by the deed (exhibit "E", supra) and, therefore, makes out a prima facie case of materiality.

 We have referred to the fact that the cross bill seeks a reformation. We observe that it also seeks a cancellation of the contract on the basis of the same facts alleged to support reformation. It is not prayed in the alternative. As set up, it is inconsistent with the prayer for reformation. The court will not reform an instrument for cancellation. It will only reform it to be enforceable as mutually agreed between the parties.

The demurrer is addressed to the cross bill and to each aspect thereof, separately and severally. Such demurrer does not raise the question of the sufficiency of each aspect separately. We think the cross bill is not subject to the demurrer in so far as it seeks a reformation and, therefore, it should have been overruled. But we wish to refer to certain principles which seem to have application to a bill which seeks a cancellation. If it is intended to seek a cancellation for fraud, in the alternative of a failure to obtain reformation, it is lacking in material averment. It is apparent that the mistake or fraud referred to in paragraph 15 was alleged to meet the requirements of section 59, Title 9, Code, applicable to reformation. The fraud effective to cause a cancellation is set out in sections 108, 109, 110 and 111, Title 7, Code. They describe different theories. We see no reason however why cross complainant on the basis of his averments may not have a reformation and declare an election either to require cross respondent to specifically perform it, or in the event

of default on demand to perform within a time named by the court to cancel the contract with appropriate relief for restitution. The principle referred to in Sims v. City of Birmingham, on rehearing, 254 Ala. 598, 49 So.2d 302, could very well be applied in that event. Wilson v. Thompson, 51 So.2d 20.[1] Reformation and specific performance (or cancellation in event of default on notice at the option of cross complainant) might well be joined. Alexander v. Rea, 50 Ala. 450; Burch v. Driver, 205 Ala. 659, 88 So. 902; 53 Corpus Juris 1052, note 75.

A decree is here rendered overruling the demurrer to the cross bill. Appellee is allowed thirty days in which to answer the cross bill.

Reversed, rendered and remanded.

BROWN, SIMPSON and STAKELY, JJ., concur.